1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   SASCHA HENRY, Cal. Bar No. 191914
3  SARAH A. KAGAN, Cal. Bar No. 280118
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
5  Facsimile:  213.620.1398
   Email:      shenry@sheppardmullin.com
6               skagan@sheppardmullin.com

7
   Attorneys for Defendants
8  YUM! BRANDS, INC., and
   KFC CORPORATION
9

10              UNTIED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

12

| | |
|---|---|
| 13 RAHEEL FOODS, LLC, a Florida limited liability company; RAHEEL FOODS 2 INC., an Illinois corporation; RAHEEL REALTY, INC., an Arkansas corporation; and RAHEEL REALTY, LLC, an Illinois limited liability company, | Case No.  2:16-cv-2899 |
| | **DEFENDANTS' JOINT NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. 1441(b) (DIVERSITY)** |
| 17          Plaintiffs, | |
| 18      v. | *[Declaration of Sarah A. Kagan filed concurrently herewith]* |
| 19 YUM! BRANDS, INC., a corporation; KFC CORPORATION, corporation; and DOES 1-50, Inclusive,, | [Second Amended Complaint filed April 25, 2016] |
| 21          Defendants. | Trial Date: None set |

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants Yum! Brands Inc. ("Yum!") and KFC Corporation ("KFC")  (collectively "Defendants") hereby remove the state court action described below from the Los Angeles Superior Court of the State of California to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## I.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

1.      On or about December 24, 2015, Plaintiff Syed Raheel filed a Complaint against Yum! in Los Angeles Superior Court of the State of California, case number BC605371.  A true and correct copy of the original Complaint filed on December 24, 2015 is attached hereto as **Exhibit A**.

2.      On or about January 13, 2016, Plaintiff Syed Raheel amended the Complaint to add as defendants KFC, Taco Bell Corporation (a California corporation) and Pizza Hut, Inc. (a California corporation).  In February 2016, counsel for Defendants informally provided Mr. Raheel's counsel with documents relating to his claims in his First Amended Complaint and, thereafter Plaintiff's counsel stated that they intended to prepare a Second Amended Complaint.  A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit B**. True and correct copies of the proofs of service on KFC, Pizza Hut, Inc. and Taco Bell Corporation for the First Amended Complaint are attached hereto as **Exhibit C**, and a true and correct copy of the Acknowledgement of Receipt of the First Amended Complaint on behalf of Yum! is attached hereto as **Exhibit D**.

-1-

3.     On March 3, 2016, Yum!, KFC, Taco Bell Corporation and Pizza Hut, Inc., entered into a stipulation with Plaintiff Syed Raheel, the so-called *Stipulation and [Proposed] Order To Extend Defendants' Time to Answer or Otherwise Respond To First Amended Complaint*.  On March 8, 2016, the superior court signed the Order on the stipulation.  True and correct copies of the *Stipulation and [Proposed] Order To Extend Defendants' Time to Answer or Otherwise Respond To First Amended Complaint*, and the signed Order are attached hereto as **Exhibits E** and **F** respectively.

4.     Also on March 3, 2016, Yum! filed a Peremptory Challenge.  On March 16, 2016, the superior court issued a minute order reassigning the matter to the Hon. John P. Doyle.  A true and correct copy of Yum!'s Peremptory Challenge and the Minute Order thereon are attached hereto as **Exhibits G** and **H** respectively.

5.     A draft of the Second Amended Complaint was sent to Defendants' counsel on March 29, 2016.  (Declaration of Sarah A. Kagan ("Kagan Decl.") ¶ 4, Exh. 1).  The draft Second Amended Complaint removed the local defendants, Taco Bell Corporation and Pizza Hut, Inc., and changed the Plaintiff from Syed Raheel to Plaintiffs Raheel Foods, LLC, a Florida limited liability company; Raheel Foods 2 Inc., an Illinois corporation; Raheel Realty, Inc., an Arkansas corporation; and Raheel Realty, LLC, an Illinois limited liability company.  (Kagan Decl. ¶ 4).

6.     Also on March 29, 2016, Plaintiff Syed Raheel served a Notice of Case Management Conference and Order to Show Cause.  Plaintiff Syed Raheel and defendants Taco Bell Corporation, Pizza Hut, Inc., Yum! and KFC submitted Case Management Statements.  True and correct copies of the Notice of Case Management Conference, Plaintiff Syed Raheel's Case Management Statement and

1  Defendants Taco Bell Corporation, Pizza Hut, Inc., Yum! and KFC's joint Case

2  Management Statement are attached hereto as **Exhibits I, J** and **K** respectively.  In

3  Defendants' joint Case Management Statement, Defendants indicated their intent to

4  remove the matter, *see* Exh. K at p. 4, under "Jurisdiction".

5

6         7.     On April 15, 2016, Plaintiff Syed Raheel's counsel submitted a

7  *Stipulation and [Proposed] Order to File the Second Amended Complaint* to the

8  superior court.  A true and correct copy of the *Stipulation and [Proposed] Order to*

9  *File the Second Amended Complaint* is attached hereto as **Exhibit L.**

10

11         8.     On April 20, 2016 the Hon. John P. Doyle amended and signed

12  the Order on the *Stipulation and [Proposed] Order to File the Second Amended*

13  *Complaint*.  The amended Order states that the Second Amended Complaint "must

14  be filed in a form bearing Plaintiff's counsel's signature and cannot be accepted in

15  'exhibit form.'  Court suggests that atty. svc. filed directly in Dept. 58."  A true and

16  correct copy of the amended Order is attached to the Notice of Entry of Order

17  served by Plaintiff's counsel on April 26, 2016,  which is attached hereto as **Exhibit**

18  **M.**

19

20         9.     At the Case Management Conference on April 25, 2016,  counsel

21  for Plaintiff Syed Raheel signed, and submitted for filing in Department 58, the

22  Second Amended Complaint.  The Hon. John P. Doyle of the Los Angeles Superior

23  Court, deemed the Second Amended Complaint ("SAC") to be on file as the

24  operative pleading. (Kagan Decl. ¶ 5).  Counsel for Yum! and KFC, the only

25  remaining defendants, accepted service on behalf of Yum! and KFC at the Case

26  Management Conference, by receipt of a conformed copy of the Second Amended

27  Complaint. (Kagan Decl. ¶ 5).  A true and correct copy of the conformed Second

28  Amended Complaint is attached hereto as **Exhibit N.**

                                       DEFENDANTS' JOINT NOTICE OF REMOVAL

10.     Pursuant to 28 U.S.C. § 1446(b)(3), a notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Here, Defendants' notice of removal is timely because it was filed within 30 days after receipt of the Second Amended Complaint.

11.     Pursuant to 28 U.S.C § 1446(d), Defendants will promptly provide written notice of removal of this action to plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles.

12.     Defendants Yum! and KFC attach hereto as Exhibits A through N copies of all process, pleadings and orders served upon Defendants in this action as required by 28 U.S.C. § 1446(a).

13.     The matter, case number BC605371, is currently pending in the Superior Court of the State of California for the County of Los Angeles, Stanley Mosk Courthouse, which is located in the Central District of California, with jurisdiction in the Western Division.

14.     The United States District Court for the Central District of California, Western Division, embraces Los Angeles, the county in which this Action is brought.  Therefore, the Court is a proper venue for this Action pursuant to 28 U.S.C. §§ 84 (c) and 1441(a).

SMRH:225217227.1                                                DEFENDANTS' JOINT NOTICE OF REMOVAL

## II.

## STATEMENT OF THE GROUNDS FOR REMOVAL

15.    This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332.  This Court has jurisdiction over this action because it is a civil action between citizens of different states and the matter in controversy, as demonstrated by the Complaint and the facts alleged in this Notice, exceeds the sum of $75,000, exclusive of interests and costs.

### A.    Plaintiffs Are Citizens Of Illinois, California, And Arkansas.

16.    Plaintiff Raheel Foods, LLC, is a Florida limited liability company that does business in Florida and is managed from Los Angeles, California, by its managing member, Syed Raheel. (Exh. N, SAC, ¶ 8).  Plaintiff Raheel Foods, LLC, was at the time the state court action was filed, and at the time of this Notice of Removal remains, a limited liability company formed under the laws of the State of Florida, with its members, Syed Raheel and Ramin Raheel, residing in California.  (Exh. N, SAC, ¶ 8; *see also* Kagan Decl., ¶ 6, Ex. 2).   For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members.  *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).  Consequently, a limited liability company is a citizen of every state of which its owners or members are citizens.  *Id.*  Thus, Plaintiff Raheel Foods, LLC is a citizen of the State of California for the purposes of diversity jurisdiction.

17.    Plaintiff Raheel Realty, Inc., is an Arkansas corporation that does business in Arkansas and is managed from Los Angeles, California, by its president, Syed Raheel.  (Exh. N, SAC, ¶ 10).  Plaintiff Raheel Realty, Inc. was at the time the state court action was filed, and at the time of this Notice of Removal remains, a

1    corporation formed under the laws of the State of Arkansas, with its principal place

2    of business in California.  A corporation is deemed a citizen of every state in which

3    it is incorporated and of the state or foreign state where it has its principal place of

4    business.  Thus, Plaintiff Raheel Realty, Inc., is a citizen of the State of Arkansas

5    and the State of California for the purposes of diversity jurisdiction.  *See*  28 U.S.C.

6    § 1332(c).

7

8          18.    Plaintiff Raheel Realty, LLC, is an Illinois limited liability

9    company that does business in Illinois and is managed from Los Angeles, CA, by its

10   managing member, Syed Raheel .  (Exh. N, SAC, ¶ 11).  Plaintiff Raheel Realty,

11   LLC was at the time the state court action was filed, and at the time of this Notice of

12   Removal remains, a limited liability company formed under the laws of the State of

13   Illinois, with its members, Syed Raheel and Ramin Raheel, residing in California.

14   (Exh. N, SAC, ¶ 11; *see also* Kagan Decl., ¶ 7, Ex. 3).  Thus, Plaintiff Raheel

15   Realty, LLC is a citizen of the State of California for the purposes of diversity

16   jurisdiction.  *See  Johnson, supra*, 437 F.3d at 899.

17

18         19.    Plaintiff Raheel Foods 2 Inc., is an Illinois corporation that does

19   business in Illinois and is managed from Los Angeles, California, by its president,

20   Syed Raheel.  (Exh. N, SAC, ¶ 9).  Plaintiff Raheel Foods 2 Inc. was at the time the

21   state court action was filed, and at the time of this Notice of Removal remains, a

22   corporation formed under the laws of the State of Illinois, with its principal place of

23   business in California.  A corporation is deemed a citizen of every state in which it

24   is incorporated and of the state or foreign state where it has its principal place of

25   business.  Thus, Plaintiff Raheel Foods 2 Inc. is a citizen of the State of Illinois and

26   the State of California for the purposes of diversity jurisdiction.  *See*  28 U.S.C. §

27   1332(c).

28

**B.**     <u>**Defendants Are Citizens of North Carolina, Kentucky and Delaware**</u>

20.     Defendant Yum! Brands, Inc., is a North Carolina corporation with its headquarters in Kentucky. (Exh. N, SAC, ¶ 15). Defendant Yum! was at the time the state court action was filed, and at the time of this Notice of Removal remains, a corporation formed under the laws of the State of North Carolina, with its principal place of business in Kentucky. Thus, defendant Yum! is a citizen of the State of North Carolina and the State of Kentucky for purposes of diversity jurisdiction, and not a citizen of the State of California. *See* 28 U.S.C. § 1332(c).

21.     Defendant KFC Corporation, is a Delaware corporation with its headquarters in Kentucky. (Exh. N, SAC, ¶ 16). Defendant KFC was at the time the state court action was filed, and at the time of this Notice of Removal remains, a corporation formed under the laws of the State of Delaware, with its principal place of business in Kentucky. Thus, defendant KFC is a citizen of the State of Delaware and the State of Kentucky for purposes of diversity jurisdiction, and not a citizen of the State of California. *See* 28 U.S.C. § 1332(c).

22.     Plaintiffs' naming of 50 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case. See 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes") (citing Section 1441(a)).

23.     KFC and Yum! are the only named defendants in the Second Amended Complaint. (*See generally*, Exh. N, SAC.) Accordingly, pursuant to 28

U.S.C. § 1332(a), the first requirement for diversity jurisdiction exists because Plaintiffs and Defendants are citizens of different states.  28 U.S.C. § 1332(d).

## C.    The Amount-in-Controversy Requirement is Met

24.    Based on the facts in the pleadings and in this Notice, the amount in controversy exceeds the $75,000 jurisdictional threshold of 28 U.S.C. § 1332. It is facially apparent from the allegations of Plaintiffs' Second Amended Complaint and from the facts alleged in this Notice that the matter in controversy exceeds the sum of $75,000.

25.    In the SAC, on Plaintiffs First Cause of Action for Intentional Interference With Prospective Economic Advantage and Second Cause of Action for Negligent Interference With Prospective Economic Advantage, Plaintiffs expressly allege that they seek damages in excess of $10.2 million. (Exh. N, SAC, ¶¶ 57, 67). Plaintiffs also seek restitution on their Third Cause of Action for Unfair Business Practices Pursuant to Business & Professions Code section 17200.  (Exh. N, SAC, ¶ 75).

26.    Based on the foregoing, this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, thus meeting the requirements of 28 U.S.C. § 1332.

## III.

## REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b).

27.    Defendants were sent via e-mail a copy of the SAC for the state court action on March 29, 2016.  The SAC was not deemed filed and served on Defendants until April 25, 2016.  This Notice, therefore, is timely filed in accordance with 28 U.S.C. section 1446(b) because less than thirty (30) days have

-8-

1   elapsed since Defendants first received a copy of the amended pleading from which

2   it was first ascertained that the case had become removable.  Less than thirty (30)

3   days have elapsed since Defendants were served with the SAC.

4

5         WHEREFORE, Defendants Yum! Brands, Inc. and KFC Corporation

6   remove the action now pending against it in the Superior Court of the State of

7   California, County of Los Angeles, to this Honorable Court.

8

9   Dated:  April 27, 2016

10         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12         By

13             SASCHA HENRY

14             SARAH A. KAGAN

              Attorneys for Defendants

15            YUM! BRANDS, INC., and

16            KFC CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:225217227.1                         DEFENDANTS' JOINT NOTICE OF REMOVAL

# EXHIBIT A

ORIGINAL A100129

1  KATHRYN LEE BOYD (State Bar No. 189496)
   kboyd@bhfs.com
2  JONATHAN C. SANDLER (State Bar No. 227532)
   jsandler@bhfs.com
3  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   2049 Century Park East, Suite 3550
4  Los Angeles, CA  90067
   Telephone:  310.500.4600
5  Facsimile:  310.500.4602

6  Attorneys for Plaintiff
   SYED RAHEEL

7

**FILED**
Superior Court of California
County of Los Angeles

DEC 2 4 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Ishayla Chambers

D52 Susan Bryant Deason

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10                                          **BC 6 0 5 3 7 1**

11  SYED RAHEEL, an individual,        Case No.

12              Plaintiff,             Assigned for All Purposes to the
                                       Honorable
13       v.

14  YUM BRANDS, INC., a limited liability    **COMPLAINT FOR DAMAGES**
    company, and DOES 1-50, Inclusive,
15
                Defendants.            **JURY TRIAL DEMANDED**
16

17

18       COMES NOW Plaintiff SYED RAHEEL (hereinafter referred to as "Raheel"), by and

19  through his attorneys, Brownstein Hyatt Farber Schreck, LLP, and, for causes of action against

20  the Defendants YUM BRANDS, Inc. and DOES 1-50, inclusive, and complaints and alleges as

21  follows:

22                          **SUMMARY OF ACTION**

23       The Colonel would not be pleased with Kentucky-based YUM BRANDS, ("YUM")

24  owner of the well-loved franchise brand Kentucky Fried Chicken ("KFC"), which deceitfully and

25  wrongfully placed corporate priorities ahead of its franchisees and diverted economic

26  opportunities for the corporate power's own benefit.  In doing so, YUM violated the law, and,

27  Raheel was one franchisee casualty of corporate overreach.

28                                 1

1.      YUM owns the franchising rights to KFC, Taco Bell, and Pizza Hut, and formerly owned rights to A&W and Long John Silver's restaurants.  Since its spin-off from PepsiCo in 1997, YUM has prioritized becoming a "global company going from approximately 20 percent of profits coming from outside the U.S. to almost 70 percent in 2014."  As part of its corporate goal to expand outside the United States into countries such as China, in or about 2008, YUM began an aggressive campaign of selling-off or "refranchising" many of its almost 2000 U.S. stores that were owned and operated by YUM ("corporate owned stores").  The campaign resulted in reduction from approximately two thousand corporate owned stores in the United States in 2008 to approximately 200 today.  The sell-off took place at break-neck speed, within a four to five year span, in which YUM dumped large numbers of corporate owned stores, at far below market prices, in order to divest itself of the U.S. market and divert resources to growth into the international markets.

2.      Starting in or about 1994 and continuing through 2010, Raheel purchased several of YUM's U.S. franchisees, some owned by YUM and some from other franchisees, and by 2008 Raheel owned approximately seventy-two YUM brand franchise stores, including 43 KFC restaurants and 29 Long John Silver's restaurants, some of which were co-branded as A&W, Pizza Hut and Taco Bell.  Raheel's franchises were located across the United States in several states, including California, Illinois, Michigan, Arkansas, Iowa, Indiana, Florida, and Wisconsin.

3.      It is a common industry practice for franchisees to buy and sell various franchise locations.  Raheel had bought into YUM brands with this intent in 1994, and by 2008 began to search for buyers for all seventy-three stores, including 19 properties that included the underlying real estate.  Having many contacts in the franchisee market particularly in California, Raheel was able to find well-suited buyers, who were either already approved YUM franchisees or buyers who had operating experience, with enough cash on hand to purchase all of Raheel's YUM brand stores.

4.      Pursuant to Raheel's franchisee agreements, generally, a franchisee must receive two levels of approval by YUM prior to being able to sell the franchise location.  First, the potential purchaser must receive YUM's authorization to become a franchisee.  Second, the

2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1   overall sale, the deal, must be approved by YUM, and YUM has a "First Right of Refusal" to buy

2   back stores.

3       5.       As long as certain financial criteria was met, and the current franchisees were in

4   good standing with YUM, authorization was routinely granted.  That was particularly true when

5   the proposed purchaser of the store was already an approved franchisee or a qualified franchisee.

6       6.       Unbeknownst to Raheel, upon proposing at least ten qualified buyers to YUM for

7   approval to buy Raheel's stores, in packages that reflected market prices for these stores, YUM

8   wrongfully chose to cannibalize the purchasers of Raheel's stores and to divert at least four

9   prominent buyers towards purchasing corporate stores, by either secretly offering far below-

10  market prices of its corporate owned and operated stores or refusing to approve Raheel's

11  proposed buyers, but approving them for purchase of YUM's stores instead.

12      7.       In so doing, YUM unlawfully interfered with Raheel's contractual relationships

13  with potential buyers, interfered with Raheel's prospective economic advantages, and engaged in

14  unfair business practices in violation of California state law.  As a result of its wrongful conduct,

15  Raheel was forced to continue paying franchise fees, incur remodeling and other costs, while

16  YUM diverted Raheel's buyers to itself, and to re-package his stores for sale at far below market

17  price, due to the loss of valuable time and YUM's undercutting of the market.  Raheel seeks

18  compensatory damages in no less than $ 32 million, and restitution under Cal. Business &

19  Professions Code §17200.

20                          **PARTIES AND VENUE**

21      8.       At all times mentioned herein, Raheel was and is a resident of Los Angeles County

22  California.  Raheel was an approved franchisee with YUM since 1994.  Since that time, Raheel

23  has owned approximately 73 franchises stores with real estate associated with 19 of those stores,

24  namely KFC restaurants as well as Long John Silver's restaurants, and a several Taco Bells, Pizza

25  Huts, and A&W branded stores in multiple states.  The franchise locations were ultimately held

26  by Raheel Foods, Inc., or Raheel Foods LLC and Raheel Foods 2, Inc. (distinct corporate entities

27  all owned by Raheel), in the state in which they were being operated, but Raheel himself was the

28  approved franchisee and operator.  Raheel did all of his work out of Los Angeles, County,

3

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1   including interfacing with YUM/KFC corporate personnel, signing YUM agreements, and

2   operating his stores.

3       9.    Defendant YUM is a Kentucky corporation. However, Yum does business

4   throughout the state of California and issues/issued franchisee licenses to various operators in Los

5   Angeles, California, including Raheel. YUM owned and still owns real estate in Los Angeles,

6   California, operated and continues to operate corporate owned stores in Los Angeles, California

7   and governs and regulates franchisees licensed within the state, and collects royalties and other

8   fees from franchisees in Los Angeles, California. YUM has conducted and continues to conduct

9   significate business in the County of Los Angeles and caused the injuries at issue to be incurred in

10   Los Angeles.

11       10.    The true names and/or capacities, whether individual, corporate, associate,

12   governmental or otherwise of defendants DOES 1 through 50, inclusive, and each of them, are

13   unknown to Plaintiff, who therefore sues said defendants by such fictitious names and will amend

14   this complaint to show their true names and/or capacities when the same has been ascertained.

15   Plaintiff is informed and believes, and thereupon alleges, that each defendant designated herein as

16   a DOE was responsible, negligently or in some other actionable manner, for the events and

17   happenings referred to herein which legally caused the injuries and damages to plaintiff as

18   hereinafter alleged.

19       11.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned

20   herein, defendants, and each of them, were the agents, servants, employees, and/or consultants of

21   their co-defendants, and were, as such, acting within the course, scope and authority of said

22   agency and/or employment and that each and every defendant as aforesaid, when acting as a

23   principal, was negligent in the selection and the hiring of each and every other defendant as an

24   agent, servant, employee, and/or assistant.

25       12.    Jurisdiction and venue are proper with respect to the Complaint in this matter in

26   that the Agreement between Raheel conducted his business out of this County. Raheel was the

27   approved franchisee and all mail and other notifications sent by YUM were sent to Raheel's

28   address in Los Angeles. Raheel's communications, negotiations, and efforts, which led to

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

4

1    YUM's improper actions took place in this County. Many of the potential buyers that YUM

2    diverted from Raheel, were California residents and were diverted by YUM to purchase corporate

3    owned and operated locations within Los Angeles County.

### GENERAL ALLEGATIONS

5        13.    In 2008 to early 2009, approximately two-thousand YUM branded restaurants,

6    primarily KFC, throughout the country were corporately owned and operated stores. YUM also

7    owned the real estate associated with many of these stores. Others were franchised locations,

8    meaning that they were operated by private operators, such as Raheel, other than by YUM

9    corporate. Franchisees operate their franchised locations pursuant to franchise agreements, which

10   *inter alia* set forth how the stores are to be managed, the fees paid by the franchisees to YUM,

11   and which described what a franchisee can and cannot do with their locations. The specific

12   responsibilities of franchisees are mandated by YUM.

13       14.    One of the mandated requirements in the Franchisee Agreement between YUM

14   and the franchisee is that before a franchisee can sell one or more of their franchises, they must

15   receive corporate approval of the potential buyers. The buyers must meet certain criteria and the

16   deals must ultimately be approved by YUM and YUM's officials.

17       15.    As set forth above, Raheel was an approved YUM franchisee. Since 1994, Raheel

18   had purchased and operated dozens of YUM franchises in various states from franchisees and

19   from YUM corporate. As was common in the industry, Raheel would purchase franchises, fix

20   them up, sometimes buying others simultaneously or shortly thereafter. These transactions were

21   consistently approved by YUM.

22       16.    Beginning approximately in mid-2008, Raheel made the decision to sell off all of

23   his KFC franchises and other YUM brand restaurants. He informed YUM of his intent. Raheel

24   worked through brokers to locate potential purchasers of his franchises. He found them, usually

25   entered into non-disclosure agreements, and then engaged in extensive negotiations.

26       17.    Pursuant to the terms of his Franchisee Agreements and standard operating

27   procedure at YUM, Raheel presented each of his potential purchasers to YUM. Some of these

28   purchasers were already approved franchisees in their own rights. As part of the approval process

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

5

1  the prospective purchasers were required to identify which store locations they were interested in

2  buying.

3      18.      Despite the prospective buyers having more than ample capital, and despite having

4  franchise experience with different companies, YUM either rejected buyers that Raheel presented

5  and/or secretly offered Raheel's buyers opportunities to purchase discounted corporate owned

6  stores.

7      19.      Between 2009 and 2012, Raheel presented at least 10 prospective purchasers to

8  YUM.  At least four of these purchasers engaged in extensive due diligence and negotiations with

9  Raheel and were qualified buyers.  All four of these prospective purchasers were diverted by

10  YUM from purchasing Raheel's stores to bidding and/or purchasing YUM operated stores at a

11  deeply discounted price.  A detailed account of YUM's diversion of the four prospective diverted

12  purchaser's is detailed below.

13      20.      Not only did YUM divert the prospective purchasers, but YUM undercut the

14  market for all franchisees by selling the corporate operated stores cheaper than the franchisees

15  were selling their stores.  YUM also sold the associated real estate for nominal fees.  YUM gave

16  potential purchasers that had been located and presented by Raheel, opportunities to purchase

17  corporate owned stores.

18      21.      Raheel had no idea that he was the victim of such nefarious corporate actions at

19  the time YUM undertook the unfair business practices discussed herein.  In fact, it was not until

20  he was made aware by one of the diverted purchasers in 2014 that he learned of the bad acts.

21  Specifically, in a deposition in an unrelated case, a purchaser introduced to YUM by Raheel who

22  had offered to purchase all of Raheel's franchises (hereinafter referred to as J.A.), but was

23  diverted to purchase almost the same number of YUM corporate stores at rock bottom discounts,

24  testified in an unrelated deposition, *inter alia*, "I was a buyer, he [Mr. Raheel] was a seller…But

25  when the business went  up, Yum told me not to buy it anymore, because they had to do a lot of

26  remodeling, was costly.  They told me to buy the one in Cali - -- the one corporate was selling."

27  "Yum told me not to buy it [Raheel's franchises] anymore."

28  / / /

6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2009 Century Park East, Suite 3550
Los Angeles, CA 90067

22.   **Buyer J.A. Diversion.**  In 2010, after earlier attempts to sell his franchises had not been fruitful in the downturned U.S. economy of 2008-2009, Raheel began negotiations with a previously interested buyer, referred to herein as J.A.  J.A. had already been approved by YUM as a franchisee in 2008, but the purchase deal did not go through when funding pulled out after the economic crash of 2008.  In 2010, J.A. again approached Raheel again to purchase Raheel's YUM franchise locations. Specifically, J.A. offered to purchase Raheel's 73 franchises located in Arkansas, Iowa, and Michigan for $14.8 million, the Illinois franchises for $17.8 million and the underlying real estate for nineteen of the properties for $23.2 million.  On or about July 2010, YUM approved the sale.  However, YUM reversed its approval for reasons not stated to Raheel.

23.   While J.A. continued to work with Raheel to obtain funding for the purchase of Raheel's stores, in May 2011, YUM corporate requested that Raheel terminate his contract with J.A.

24.   Unbeknownst to Raheel until January 2014, sometime between January 2011 and October 2011, YUM surreptitiously offered J.A. seventy (70) of its own corporate owned stores and eleven associated real estate parcels located in California (with a market value at approximately $85 Million), a package deal comparable to the Raheel purchase package of 73 stores, but at a substantial discount of $12 million.  In December 2011, J.A. closed the purchase from YUM and never purchased any stores from Raheel.

25.   **Buyer B.C. Diversion.**  In or about April 2009, Raheel engaged the services of TNW Business Brokers to assist him in finding purchasers for his various YUM brand stores. With the broker assistance, Raheel located a qualified buyer who is identified in this Complaint as B.C.

26.   Raheel conducted due diligence, began negotiations, introduced B.C. to YUM corporate and referred B.C. to apply to YUM to become an authorized franchisee as was the customary practice.

27.   As that was occurring, Raheel and B.C. spent months negotiating the purchase of Raheel's franchise locations, during which Raheel received a letter of intent from B.C., which Raheel counter-offered.

7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

28.    The deal was never consummated as YUM instead diverted B.C. to buying into another deal.

29.    In February 2012, B.C. came back to Raheel again expressing interest in purchasing, and signed a non-disclosure agreement with Raheel in order to enter into negotiations. Later, in January 2014, Raheel came to know that buyer BC was diverted to buy corporate owned stores at a heavy discount, and Raheel lost out again.

30.    **Buyer E.P. Diversion**.  In or about February 2011, the broker working with Raheel introduced Raheel to another potential purchaser for his franchised locations.  Raheel informed YUM of the identity of the purchaser and referred the purchaser to YUM's authorization process to become a franchisee.  During the negotiations, E. P. offered to purchase Raheel's stores in April 2011 with an all-cash offer.  A purchase agreement was drafted in August 2011.  On or about November 2011, YUM denied E.P.'s franchisee application to become an authorized franchisee of YUM.

31.    Raheel recently learned that just four months later, in March or April 2012, YUM corporate approved E.P. as a franchisee and suggested E.P. bid on a package of corporate owned stores in Las Vegas.

32.    Ironically E.P. did not win the bid on the Las Vegas stores either (they were awarded to another Raheel diverted opportunity).  E.P. came back to Raheel and offered to buy his franchise stores at the same rate that YUM  was pricing their stores for sale, at a rate which was 50% lower than market rate and Raheel's asking price.

33.    **Buyer A.L. Diversion**.  On or about February 2011 Raheel began negotiating with yet another prospective buyer, A.L. who had been an authorized YUM franchisee for more than ten years.

34.    In August 2011, Raheel negotiated a total asking price for A. L. of $37 million for the Illinois-based franchise stores, including some real estate.

35.    In December 2011, A. L. stopped negotiating with Raheel for reasons not explained.  Unbeknownst to Raheel, YUM had offered A.L. the opportunity to bid on deeply

/ / /

8

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1  discounted corporately-owned stores, and eventually it sold A.L. five corporate owned stores for

2  only the franchise fees.

3      36.    It turns out that at around the same time that Raheel wanted to sell his franchises,

4  YUM was on an aggressive campaign to quickly sell its corporate operated stores in the United

5  States and to use that capital to invest in China and the global markets, while at the same time

6  continuing to collect royalties from its U.S. franchisees such as Raheel.  With the lofty goal of

7  selling 90% of its corporate operated stores, YUM needed purchasers who had the financial

8  wherewithal to not only buy the stores, but to upgrade the stores and operate the stores so that

9  YUM could receive its royalties.

10      37.    In a few short years YUM achieved its corporate goal of divesting 90% of its U.S.-

11  based corporately owned stores, and moved into the global market.  Incidentally, YUM recently

12  announced that it was going split the company into separate entities, YUM Brands and YUM

13  China, and return $6.2 billion to shareholders ahead of the split.

### DAMAGES

15      38.    YUM corporate's actions are anything but "finger licking good" for its KFC

16  franchisees such as Raheel.  Indeed, after losing his proposed buyers to YUM's corporate offers,

17  Raheel was forced to re-package his stores and sell off individually or smaller numbers at deeply

18  discounted prices (due in part to the vast discounts and undercutting of the market by YUM, as

19  well as the opportunity costs and lost time spent trying to sell).  Eventually, Raheel sold his

20  properties that J.A. had offered $55.9 million for approximately $23.5 million, for a total loss of

21  close to $32 million, as set forth below:

|  | Michigan KFC | Arkansas KFC | Arkansas LJS | Florida LJS | Illinois KFC | Illinois LJS | Total |
|---|---|---|---|---|---|---|---|
| JA Purchase Price Business | $ 5,048,757 | $ 3,412,974 | $ 4,165,140 | $ 2,223,129 | $ 13,174,366 | $ 4,663,703 | $ 32,688,069 |
| JA Purchase Price Real Estate |  |  |  |  |  |  | $ 23,224,320 |
| Total J.A. Purchase | $ 5,048,757 | $ 3,412,974 | $ 4,165,140 | $ 2,223,129 | $ 13,174,366 | $ 4,663,703 | $ 55,912389 |
| Business Sold for | $ - | $ 400,000 | $ 1,620,000 | $ 535,000 | $ 2,000,000 | $ 2,000,000 | $ 6,555,000 |

9

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Real Estate Sold for | $ . | $ . | $ 1,220,600 | $ . | $ 13,850,600 | $ 1,900,000 | $ 16,971,200 |
| Total Sold for | $ . | $ 400,000 | $ 2,840,600 | $ 535,000 | $ 15,850,600 | $ 3,900,000 | $ 23,526,200 |
| Gain/(Loss) | $ (5,048,757) | $ (3,012,974) | $ (1,324,540) | $ (1,688,129) | $ 2,676,234 | $ (763,703) | $ (32,386,189) |

## FIRST CAUSE OF ACTION

### (Intentional Interference With Prospective Economic Advantage)

39.     Raheel incorporates by this reference all previous allegations as set forth herein in full.

40.     Raheel had existing business relationships as well as prospective business relationships with at least four prospective purchasers ("Raheel prospective purchasers") who were interested in buying his franchises along with the real estate he owned in the various states. Raheel and the purchasers had negotiated the general terms of the purchase and were in the process of doing the necessary diligence for funding the deals and getting approval.

41.     Raheel desired and intended to sell his franchised locations to the Raheel prospective purchasers. Each of the Raheel prospective purchasers desired and intended to purchase Raheel's franchises and took affirmative steps toward that end.

42.     YUM brands knew that the Raheel prospective purchasers were well-qualified and knew the details of the purchase terms.  YUM knew that they wanted to be YUM franchisees and were willing to invest significant capital in order to become so.

43.     YUM knew that by diverting the Raheel prospective purchasers from buying Raheel's locations and by suggesting and urging them to buy YUM corporate operated stores at a significantly cheaper amount than Raheel was selling his stores that the Raheel prospective purchasers would be more likely to buy YUM stores than Raheel's stores.

44.     In fact, that is exactly what happened.  The Raheel prospective purchasers failed to conclude their purchase of Raheel's stores and instead attempted to purchase, and some successfully did purchase, YUM corporate owned and operated stores, as well as real estate.

/ / /

10

45. As set forth herein, YUM's conduct was wrongful and, amongst other things, constituted an unfair business practices and as a direct result of said actions caused Raheel damages as set forth herein and to be proven trial.

46. As will be more fully described at trial, Raheel suffered damages as a result of this tortious interference, including, but not limited to damages resulting from having to maintain the franchise locations until new purchasers could be found, significant transaction costs, and from ultimately selling at a discounted price.

47. The exact amount of damages will be determined at the time of trial, but are believed to be in excess of $32 million.

## SECOND CAUSE OF ACTION

### (Negligent Interference With Prospective Economic Advantage)

48. Raheel incorporates by this reference all previous allegations as set forth herein in full.

49. Raheel had existing business relationships as well as prospective business relationships with at least three prospective purchasers ("Raheel prospective purchasers") who were interested in buying his franchises. Raheel and the purchasers had negotiated the general terms of the purchase and were in the process of doing the necessary diligence for the deals.

50. Raheel desired and intended to sell his franchised locations to the Raheel prospective purchasers. Raheel is informed and believes that each of the Raheel prospective purchasers desired and intended to purchase Raheel's franchises.

51. YUM brands knew that the Raheel prospective purchasers were well qualified. YUM knew that they wanted to be YUM franchisees and were willing to invest significant capital in order to become so.

52. YUM negligently failed to take reasonable action to protect their franchisee, Raheel, and reasonably should have known that by diverting the Raheel prospective purchasers from buying Raheel's locations and by suggesting and urging them to buy YUM corporately operated stores at a significantly cheaper amount than Raheel was selling his stores that the Raheel prospective purchasers would be more likely to buy YUM stores than Raheel's stores.

11

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

53.    In fact, that is exactly what happened.  The Raheel prospective purchasers failed to conclude their purchase of Raheel's stores and instead attempted to purchase, and some successfully did purchase, YUM operated stores and real estate.

54.    As set forth herein, YUM's conduct was wrongful and, among other things, constituted unfair business practices and as a direct result of said actions caused Raheel damages as set forth herein and to be proven trial.

55.    As will be more fully described at trial, Raheel suffered damages as a result of this tortious interference, including, but not limited to damages resulting from having to maintain the franchise locations until new purchasers could be found and from ultimately selling at a discounted price.

56.    The exact amount of damages will be determined at the time of trial, but are believed to be in excess of $32 million.

### THIRD CAUSE OF ACTION

**(Unfair Business Practices Pursuant To Business And Professions Code §17200)**

57.    Raheel incorporates by this reference all previous allegations as set forth herein in full.

58.    As set forth in further detail above throughout this matter, YUM engaged in significant unfair business practices.

59.    Between 2009 and 2012, Raheel presented at least 10 prospective purchasers to YUM.  At least four of these purchasers engaged in extensive due diligence and negotiations with Raheel and were qualified buyers.  All four of these prospective purchasers were diverted by YUM from purchasing Raheel's stores to bidding and/or purchasing YUM corporate owned and operated stores at deeply discounted prices.  A detailed account of YUM's diversion of the four prospective diverted purchasers is detailed above.

60.    Not only did YUM divert the prospective purchasers, but YUM undercut the market for franchisees by selling the corporate operated stores cheaper than the franchisees were selling their stores.  YUM gave potential purchasers that had been located and presented by Raheel, opportunities to purchase corporately run stores at discounted prices.

12

1    61.    Despite being presented with well qualified purchasers, YUM refused to grant

2  authority for these prospective purchasers to buy from Raheel.  In the meantime, YUM was

3  diverting these buyers toward corporate owned stores.  Further, by selling corporate franchise

4  locations, YUM was able to undercut the market, unload the overhead related to employees and

5  operations at these locations, and to make a profit selling equipment and mandating other brand

6  standards to the new franchisees.  Essentially, YUM diverted Raheel's approved, qualified, and in

7  negotiations purchasers, and used Raheel to find "source purchasers" for YUM.

8    62.    YUM's actions are unlawful and constitute unfair business practices.

9    63.    As a direct result of YUM's actions, Raheel has been damaged and YUM received

10  capital that it should not have.

11    64.    Raheel seeks restitution in connection with this cause of action.

## PRAYER FOR RELIEF

13    WHEREFORE, Plaintiff SYED RAHEEL prays for judgment against the Defendant

14  YUM BRAND, INC., and each of them, as follows:

15    1)    For economic damages according to proof;

16    2)    For pre-judgment interest allowable by law;

17    3)    For equitable relief, including but not limited to restitution;

18    4)    For costs of suit incurred herein including, but not limited to attorneys' fees; and

19    5)    For such other and further relief as the Court may deem just and proper.

20  Dated:  December 24, 2015                    Respectfully submitted,

21                                               BROWNSTEIN HYATT FARBER
22                                               SCHRECK, LLP

23

24                                          By: _____
                                                KATHRYN LEE BOYD
25                                               JONATHAN C. SANDLER
                                                 Attorneys for Plaintiff
26                                               SYED RAHEEL

27

28

018647\0001\14149595.12                    13

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demands a jury by trial.

3   Dated:  December 24, 2015                    Respectfully submitted,

4                                                BROWNSTEIN HYATT FARBER
5                                                SCHRECK, LLP

6
                                                 By: 
7                                                KATHRYN LEE BOYD
8                                                JONATHAN C. SANDLER
                                                 Attorneys for Plaintiff
9                                                SYED RAHEEL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

018647\0001\14149595.12                    14

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

COMPLAINT FOR DAMAGES

# ORIGINAL
CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

— Kathryn Lee Boyd (SBN 189496)
Jonathan C. Sandler (SBN 227532)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550, Los Angeles, California 90067
TELEPHONE NO.: (310) 500-4600    FAX NO.: (310) 500-4602
ATTORNEY FOR *(Name):* Plaintiff SYED RAHEEL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90067
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

DEC 2 4 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Ishayla Chambers

CASE NAME:
SYED RAHEEL V. YUM BRANDS, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | BC 6 0 5 3 7 1 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Three
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 24, 2015

Kathryn Lee Boyd
*(TYPE OR PRINT NAME)*                                *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                    Page 1 of 2

| Form Adopted for Mandatory Use | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; |
| Judicial Council of California | | Cal. Standards of Judicial Administration, std. 3.10 |
| CM-010 [Rev. July 1, 2007] | | www.courtinfo.ca.gov |



**ORIGINAL**

| SHORT TITLE: RAHEEL v. YUM BRANDS, INC., et al. | CASE NUMBER BC 6 05 3 71 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

Item I. Ch eck the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES    CLASS ACTION? YES  LIMITED CASE? YES  TIME ESTIMATED FOR TRIAL 6-7    HOURS/✓DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev 3/15)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: | RAHEEL v. YUM BRANDS, INC., et al. | | CASE NUMBER | |
|---|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: RAHEEL v. YUM BRANDS, INC., et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RAHEEL v. YUM BRANDS, INC., et al. | |

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 3415 S. Sepulveda, Suite 615 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90034 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____ courthouse in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: December 24, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# EXHIBIT B

1/15/16 COPY   SUM-100

# FIRST AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
YUM! BRANDS, INC., a corporation; KFC CORPORATION, corporation; TACO
BELL CORPORATION, a corporation; PIZZA HUT, INC., a corporation and
DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SYED RAHEEL, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 13 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Los Angeles Superior Court<br>111 North Hill Street<br>Los Angeles, California 90012<br>Central District | BC605371 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kathryn Lee Boyd (SB# 189496); Jonathan C. Sandler (SB# 227532)    310-500-4600 (tel) 310-500-4602 (fax)
Brownstein Hyatt Farber & Schreck LLP
2029 Century Park East, Suite 3550, Los Angeles, CA 90067

| DATE: *(Fecha)* | SHERRI R. CARTER | Clerk, by *(Secretario)* | M. Soto | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JAN 13 2016

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   KFC Corporation, Corporation
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/15/16

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|



1   KATHRYN LEE BOYD (State Bar No. 189496)
    kboyd@bhfs.com
2   JONATHAN C. SANDLER (State Bar No. 227532)
    jsandler@bhfs.com
3   BROWNSTEIN HYATT FARBER SCHRECK, LLP
    2049 Century Park East, Suite 3550
4   Los Angeles, CA 90067
    Telephone: 310.500.4600
5   Facsimile: 310.500.4602

6   Attorneys for Plaintiff
    SYED RAHEEL

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 13 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moses Soto

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  SYED RAHEEL, an individual,              Case No.: BC605371

12              Plaintiff,                    Assigned for All Purposes to the
                                              Honorable Susan Bryant-Deason
13       v.

14  YUM! BRANDS, INC., a corporation;         **FIRST AMENDED COMPLAINT FOR
    KFC CORPORATION, corporation;             DAMAGES**
15  TACO BELL CORPORATION, a
    corporation; PIZZA HUT, INC., a
16  corporation and DOES 1-50, Inclusive,     **JURY TRIAL DEMANDED**

17              Defendants.

18

19       COMES NOW Plaintiff SYED RAHEEL (hereinafter referred to as "Raheel"), by and

20  through his attorneys, Brownstein Hyatt Farber Schreck, LLP, and, for causes of action against

21  the Defendants YUM! BRANDS, Inc., KFC CORPORATION, TACO BELL CORPORATION,

22  and PIZZA HUT, INC., DOES 1-25 (collectively "YUM") and Does 26-50, inclusive, and

23  complaints and alleges as follows:

24                              **SUMMARY OF ACTION**

25       The Colonel would not be pleased with Kentucky-headquartered YUM! BRANDS, Inc.,

26  owner of the well-loved franchise brands Kentucky Fried Chicken ("KFC"), Taco Bell, and Pizza

27  Hut, which deceitfully and wrongfully placed corporate priorities ahead of its franchisees and

28  ///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1   diverted economic opportunities for the corporate power's own benefit.  In doing so, YUM!

2   BRANDS, Inc. and its subsidiaries violated the law; and, Raheel was one franchisee casualty of

3   corporate overreach.

4          1.       YUM! BRANDS, Inc. owns the franchising rights to KFC, Taco Bell, and Pizza

5   Hut, and formerly owned rights to A&W and Long John Silver's restaurants.  Since its spin-off

6   from PepsiCo in 1997, YUM! BRANDS, Inc. has prioritized becoming a "global company going

7   from approximately 20 percent of profits coming from outside the U.S. to almost 70 percent in

8   2014."  As part of its corporate goal to expand outside the United States into countries such as

9   China, in or about 2008, YUM! BRANDS, Inc. began an aggressive campaign of selling-off or

10  "refranchising" many of its almost 2,000 U.S. stores that were owned and operated by YUM!

11  BRANDS, Inc. ("corporate owned stores").  The campaign resulted in reduction from

12  approximately 2,000 corporate owned stores in the United States in 2008 to approximately 200

13  today.  The sell-off took place at neck-breaking speed.  Within a four to five year span, YUM!

14  BRANDS, Inc. dumped large numbers of corporate owned stores, at far below market prices, in

15  order to divest itself of the U.S. market and divert resources to growth into the international

16  markets.

17         2.       Starting in or about 1994 and continuing through 2010, Raheel purchased several

18  of YUM's U.S. franchisees, some owned by YUM and some from other franchisees, and by 2008

19  Raheel owned approximately 73 YUM franchise stores, including 43 KFC restaurants and 29

20  Long John Silver's restaurants, some of which were co-branded as A&W, Pizza Hut and Taco

21  Bell.  Raheel's franchises were located across the United States in several states, including

22  California, Illinois, Michigan, Arkansas, Iowa, Indiana, Florida, and Wisconsin.

23         3.       It is a common industry practice for franchisees to buy and sell various franchise

24  locations.  Raheel had bought into YUM with this intent in 1994, and by 2008 began to search for

25  buyers for all 73 stores, including 19 properties that included the underlying real estate.  Having

26  many contacts in the franchisee market particularly in California, Raheel was able to find well-

27  suited buyers, who were either already approved YUM franchisees or buyers who had operating

28  experience, with enough cash on hand to purchase all of Raheel's YUM stores.

018647\0001\14374874.4

2

FIRST AMENDED COMPLAINT FOR DAMAGES

1       4.     Pursuant to Raheel's franchisee agreements, generally, a franchisee must receive

2   two levels of approval by YUM prior to being able to sell the franchise location.  First, the

3   potential purchaser must receive YUM's authorization to become a franchisee.  Second, the

4   overall sale, the deal, must be approved by YUM, and YUM has a "First Right of Refusal" to buy

5   back stores.

6       5.     As long as certain financial criteria was met, and the current franchisees were in

7   good standing with YUM, authorization was routinely granted.  That was particularly true when

8   the proposed purchaser of the store was already an approved franchisee or a qualified franchisee.

9       6.     Unbeknownst to Raheel, upon proposing at least ten qualified buyers to YUM for

10   approval to buy Raheel's stores, in packages that reflected market prices for these stores, YUM

11   wrongfully chose to cannibalize the purchasers of Raheel's stores and to divert at least four

12   prominent buyers towards purchasing corporate stores, by either secretly offering far below-

13   market prices of its corporate owned and operated stores or refusing to approve Raheel's

14   proposed buyers, but approving them for purchase of YUM's stores instead.

15       7.     In so doing, YUM unlawfully interfered with Raheel's contractual relationships

16   with potential buyers, interfered with Raheel's prospective economic advantages, and engaged in

17   unfair business practices in violation of California state law.  As a result of its wrongful conduct,

18   Raheel was forced to continue paying franchise fees, incur remodeling and other costs, while

19   YUM diverted Raheel's buyers to itself, and to re-package his stores for sale at far below market

20   price, due to the loss of valuable time and YUM's undercutting of the market.  Raheel seeks

21   compensatory damages in no less than $ 32 million, and restitution under Cal. Business &

22   Professions Code §17200.

23                     **PARTIES AND VENUE**

24       8.     At all times mentioned herein, Raheel was and is a resident of Los Angeles County

25   California.  Raheel was an approved franchisee with YUM since 1994.  Since that time, Raheel

26   has owned approximately 73 franchises stores with real estate associated with 19 of those stores,

27   namely KFC restaurants as well as Long John Silver's restaurants, and a several Taco Bells, Pizza

28   Huts, and A&W branded stores in multiple states.  The franchise locations were ultimately held

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 1550
Los Angeles, CA 90067

1   by Raheel Foods, Inc., or Raheel Foods LLC and Raheel Foods 2, Inc. (distinct corporate entities

2   all owned by Raheel), in the state in which they were being operated, but Raheel himself was the

3   approved franchisee and operator.  Raheel did all of his work out of Los Angeles, County,

4   including interfacing with YUM/KFC corporate personnel, signing YUM agreements, and

5   operating his stores.

6           9.      Defendant YUM! BRANDS, Inc. is a North Carolina corporation, form unknown,

7   with its headquarters in Kentucky.  However, YUM! BRANDS, Inc. does business throughout

8   the state of California and issues/issued franchisee licenses to various operators in Los Angeles,

9   California, including Raheel.  It also owns and operates various subsidiaries in California.  YUM!

10  BRANDS, Inc. owned and still owns real estate in Los Angeles, California, operated and

11  continues to operate corporate owned stores in Los Angeles, California and governs and regulates

12  franchisees licensed within the state, and collects royalties and other fees from franchisees in Los

13  Angeles, California.  YUM! BRANDS, Inc. has conducted and continues to conduct significate

14  business in the County of Los Angeles and caused the injuries at issue to be incurred in Los

15  Angeles.

16          10.     Defendant KFC CORPORATION is a Delaware corporation, form unknown, with

17  its headquarters in Kentucky.  KFC CORPORATION is a subsidiary of YUM! BRANDS, Inc.

18  KFC CORPORATION does business throughout the state of California and issues/issued

19  franchisee licenses to various operators in Los Angeles, California, including Raheel.  KFC

20  CORPORATION owned and still owns real estate in Los Angeles, California, operated and

21  continues to operate corporate owned stores in Los Angeles, California and governs and regulates

22  franchisees licensed within the state, and collects royalties and other fees from franchisees in Los

23  Angeles, California.  KFC CORPORATION has conducted and continues to conduct significate

24  business in the County of Los Angeles and caused the injuries at issue to be incurred in Los

25  Angeles.

26          11.     Defendant TACO BELL CORPORATION is a California corporation, form

27  unknown, with its headquarters in California.  TACO BELL CORPORATION is a subsidiary of

28  YUM! BRANDS, Inc. KFC CORPORATION does business throughout the state of California

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1  and issues/issued franchisee licenses to various operators in Los Angeles, California, including

2  Raheel. TACO BELL CORPORATION owned and still owns real estate in Los Angeles,

3  California, operated and continues to operate corporate owned stores in Los Angeles, California

4  and governs and regulates franchisees licensed within the state, and collects royalties and other

5  fees from franchisees in Los Angeles, California. TACO BELL CORPORATION has conducted

6  and continues to conduct significant business in the County of Los Angeles and caused the

7  injuries at issue to be incurred in Los Angeles.

8      12.   Defendant PIZZA HUT, INC. is a California corporation, form unknown, with its

9  headquarters in California. PIZZA HUT, INC. is a subsidiary of YUM! BRANDS, Inc. PIZZA

10  HUT, INC. does business throughout the state of California and issues/issued franchisee licenses

11  to various operators in Los Angeles, California, including Raheel. PIZZA HUT, INC. owned and

12  still owns real estate in Los Angeles, California, operated and continues to operate corporate

13  owned stores in Los Angeles, California and governs and regulates franchisees licensed within

14  the state, and collects royalties and other fees from franchisees in Los Angeles, California.

15  PIZZA HUT, INC. has conducted and continues to conduct significant business in the County of

16  Los Angeles and caused the injuries at issue to be incurred in Los Angeles.

17      13.   The true names and/or capacities, whether individual, corporate, associate,

18  governmental or otherwise of defendants DOES 1 through 50, inclusive, and each of them, are

19  unknown to Plaintiff, who therefore sues said defendants by such fictitious names and will amend

20  this complaint to show their true names and/or capacities when the same has been ascertained.

21  Plaintiff is informed and believes, and thereupon alleges, that each defendant designated herein as

22  a DOE was responsible, negligently or in some other actionable manner, for the events and

23  happenings referred to herein which legally caused the injuries and damages to plaintiff as

24  hereinafter alleged.

25      14.   Plaintiff is informed and believes and thereupon alleges that at all times mentioned

26  herein, defendants, and each of them, were the agents, servants, employees, and/or consultants of

27  their co-defendants, and were, as such, acting within the course, scope and authority of said

28  agency and/or employment and that each and every defendant as aforesaid, when acting as a

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1   principal, was negligent in the selection and the hiring of each and every other defendant as an

2   agent, servant, employee, and/or assistant.

3        15.    Jurisdiction and venue are proper with respect to the Complaint in this matter in

4   that the Agreement between Raheel conducted his business out of this County.  Raheel was the

5   approved franchisee and all mail and other notifications sent by YUM were sent to Raheel's

6   address in Los Angeles.  Raheel's communications, negotiations, and efforts, which led to

7   YUM's improper actions took place in this County.  Many of the potential buyers that YUM

8   diverted from Raheel, were California residents and were diverted by YUM to purchase corporate

9   owned and operated locations within Los Angeles County.

10                               **GENERAL ALLEGATIONS**

11       16.    In 2008 to early 2009, approximately two-thousand YUM branded restaurants,

12  primarily KFC, throughout the country were corporately owned and operated stores.  YUM also

13  owned the real estate associated with many of these stores.  Others were franchised locations,

14  meaning that they were operated by private operators, such as Raheel, other than by YUM

15  corporate.  Franchisees operate their franchised locations pursuant to franchise agreements, which

16  *inter alia* set forth how the stores are to be managed, the fees paid by the franchisees to YUM,

17  and which described what a franchisee can and cannot do with their locations.  The specific

18  responsibilities of franchisees are mandated by YUM.

19       17.    One of the mandated requirements in the Franchisee Agreement between YUM

20  and the franchisee is that before a franchisee can sell one or more of their franchises, they must

21  receive corporate approval of the potential buyers.  The buyers must meet certain criteria and the

22  deals must ultimately be approved by YUM and YUM's officials.

23       18.    As set forth above, Raheel was an approved YUM franchisee.  Since 1994, Raheel

24  had purchased and operated dozens of YUM franchises in various states from franchisees and

25  from YUM corporate.  As was common in the industry, Raheel would purchase franchises, fix

26  them up, sometimes buying others simultaneously or shortly thereafter.  These transactions were

27  consistently approved by YUM.

28  ///

018647\0001\14374874.4                          6

FIRST AMENDED COMPLAINT FOR DAMAGES

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

19.     Beginning approximately in mid-2008, Raheel made the decision to sell off all of his KFC franchises and other YUM brand restaurants. He informed YUM of his intent. Raheel worked through brokers to locate potential purchasers of his franchises. He found them, usually entered into non-disclosure agreements, and then engaged in extensive negotiations.

20.     Pursuant to the terms of his Franchisee Agreements and standard operating procedure at YUM, Raheel presented each of his potential purchasers to YUM. Some of these purchasers were already approved franchisees in their own right. As part of the approval process the prospective purchasers were required to identify which store locations they were interested in buying.

21.     Despite the prospective buyers having more than ample capital, and despite having franchise experience with different companies, YUM either rejected buyers that Raheel presented and/or secretly offered Raheel's buyers opportunities to purchase discounted corporate owned stores.

22.     Between 2009 and 2012, Raheel presented at least 10 prospective purchasers to YUM. At least four of these purchasers engaged in extensive due diligence and negotiations with Raheel and were qualified buyers. All four of these prospective purchasers were diverted by YUM from purchasing Raheel's stores to bidding and/or purchasing YUM operated stores at a deeply discounted price. An account of YUM's diversion of the four prospective diverted purchaser's is detailed below.

23.     Not only did YUM divert the prospective purchasers, but YUM undercut the market for all franchisees by selling the corporate operated stores cheaper than the franchisees were selling their stores. YUM also sold the associated real estate for nominal fees. YUM gave potential purchasers that had been located and presented by Raheel opportunities to purchase corporate owned stores.

24.     Raheel had no idea that he was the victim of such nefarious corporate actions at the time YUM undertook the unfair business practices discussed herein. In fact, it was not until he was made aware by one of the diverted purchasers in 2014 that he learned of the bad acts. Specifically, in a deposition in an unrelated case, a purchaser introduced to YUM by Raheel who

1  had offered to purchase all of Raheel's franchises (hereinafter referred to as J.A.), but was
2  diverted to purchase almost the same number of YUM corporate stores at rock bottom discounts,
3  testified in an unrelated deposition, *inter alia*, "I was a buyer, he [Mr. Raheel] was a seller...But
4  when the business went up, Yum told me not to buy it anymore, because they had to do a lot of
5  remodeling, was costly. They told me to buy the one in Cali - -- the one corporate was selling."
6  "Yum told me not to buy it [Raheel's franchises] anymore."

7      25.    **Buyer J.A. Diversion.** In 2010, after earlier attempts to sell his franchises had not
8  been fruitful in the downturned U.S. economy of 2008-2009, Raheel began negotiations with a
9  previously interested buyer, referred to herein as J.A. J.A. had already been approved by YUM as
10  a franchisee in 2008, but the purchase deal did not go through when funding pulled out after the
11  economic crash of 2008. In 2010, J.A. approached Raheel again to purchase Raheel's YUM
12  franchise locations. Specifically, J.A. offered to purchase Raheel's 73 franchises located in
13  Arkansas, Iowa, and Michigan for $14.8 million, the Illinois franchises for $17.8 million and the
14  underlying real estate for nineteen of the properties for $23.2 million. On or about July 2010,
15  YUM approved the sale. However, YUM reversed its approval for reasons not stated to Raheel.

16      26.    While J.A. continued to work with Raheel to obtain funding for the purchase of
17  Raheel's stores, in May 2011, YUM corporate requested that Raheel terminate his contract with
18  J.A.

19      27.    Unbeknownst to Raheel until January 2014, sometime between January 2011 and
20  October 2011, YUM surreptitiously offered J.A. 70 of its own corporate owned stores and 11
21  associated real estate parcels located in California (with a market value at approximately $85
22  Million), a package deal comparable to the Raheel purchase package of 73 stores, but at a
23  substantial discount of $12 million. In December 2011, J.A. closed the purchase from YUM and
24  never purchased any stores from Raheel.

25      28.    **Buyer B.C. Diversion.** In or about April 2009, Raheel engaged the services of
26  TNW Business Brokers to assist him in finding purchasers for his various YUM brand stores.
27  With the broker assistance, Raheel located a qualified buyer who is identified in this Complaint as
28  B.C.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

29.  Raheel conducted due diligence, began negotiations, introduced B.C. to YUM corporate and referred B.C. to apply to YUM to become an authorized franchisee as was the customary practice.

30.  As that was occurring, Raheel and B.C. spent months negotiating the purchase of Raheel's franchise locations, during which Raheel received a letter of intent from B.C., which Raheel counter-offered.

31.  The deal was never consummated as YUM instead diverted B.C. to buy into another deal.

32.  In February 2012, B.C. came back to Raheel again expressing interest in purchasing, and signed a non-disclosure agreement with Raheel in order to enter into negotiations.  Later, in January 2014, Raheel came to know that buyer B.C. was diverted to buy corporate owned stores at a heavy discount, and Raheel lost out again.

33.  **Buyer E.P. Diversion**.  In or about February 2011, the broker working with Raheel introduced Raheel to another potential purchaser for his franchised locations.  Raheel informed YUM of the identity of the purchaser and referred the purchaser to YUM's authorization process to become a franchisee.  During the negotiations, E. P. offered to purchase Raheel's stores in April 2011 with an all-cash offer.  A purchase agreement was drafted in August 2011.  On or about November 2011, YUM denied E.P.'s franchisee application to become an authorized franchisee of YUM.

34.  Raheel recently learned that just four months later, in March or April 2012, YUM corporate approved E.P. as a franchisee and suggested E.P. bid on a package of corporate owned stores in Las Vegas.

35.  Ironically E.P. did not win the bid on the Las Vegas stores either (they were awarded to another Raheel diverted opportunity).  E.P. came back to Raheel and offered to buy his franchise stores at the same rate that YUM was pricing their stores for sale, at a rate which was 50% lower than market rate and Raheel's asking price.

///

///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

FIRST AMENDED COMPLAINT FOR DAMAGES

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

36.    **Buyer A.L. Diversion**. On or about February 2011 Raheel began negotiating with yet another prospective buyer, A.L. who had been an authorized YUM franchisee for more than ten years.

37.    In August 2011, Raheel negotiated a total asking price for A.L. of $37 million for the Illinois-based franchise stores, including some real estate.

38.    In December 2011, A.L. stopped negotiating with Raheel for reasons not explained. Unbeknownst to Raheel, YUM had offered A.L. the opportunity to bid on deeply discounted corporately-owned stores, and eventually it sold A.L. five corporate owned stores for only the franchise fees.

39.    It turns out that at around the same time that Raheel wanted to sell his franchises, YUM was on an aggressive campaign to quickly sell its corporate operated stores in the United States and to use that capital to invest in China and the global markets, while at the same time continuing to collect royalties from its U.S. franchisees such as Raheel. With the lofty goal of selling 90% of its corporate operated stores, YUM needed purchasers who had the financial wherewithal to not only buy the stores, but to upgrade the stores and operate the stores so that YUM could receive its royalties.

40.    In a few short years YUM achieved its corporate goal of divesting 90% of its U.S.-based corporately owned stores, and moved into the global market. Incidentally, YUM recently announced that it was going to split the company into separate entities, YUM! Brands and YUM China, and return $6.2 billion to shareholders ahead of the split.

## DAMAGES

41.    YUM corporate's actions are anything but "finger licking good" for its KFC franchisees such as Raheel. Indeed, after losing his proposed buyers to YUM's corporate offers, Raheel was forced to re-package his stores and sell off individually or smaller numbers at deeply discounted prices (due in part to the vast discounts and undercutting of the market by YUM, as well as the opportunity costs and lost time spent trying to sell). Eventually, Raheel sold his properties that J.A. had offered $55.9 million for approximately $23.5 million, for a total loss of close to $32 million, as set forth below:

018647\0001\14374874.4

10

FIRST AMENDED COMPLAINT FOR DAMAGES

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

|  | Michigan KFC | Arkansas KFC | Arkansas LJS | Florida LJS | Illinois KFC | Illinois LJS | Total |
|---|---|---|---|---|---|---|---|
| JA Purchase Price Business | $ 5,048,757 | $ 3,412,974 | $ 4,165,140 | $ 2,223,129 | $ 13,174,366 | $ 4,663,703 | $ 32,688,069 |
| JA Purchase Price Real Estate |  |  |  |  |  |  | $ 23,224,320 |
| Total J.A. Purchase | $ 5,048,757 | $ 3,412,974 | $ 4,165,140 | $ 2,223,129 | $ 13,174,366 | $ 4,663,703 | $ 55,912,389 |
| Business Sold for | $ - | $ 400,000 | $ 1,620,000 | $ 535,000 | $ 2,000,000 | $ 2,000,000 | $ 6,555,000 |
| Real Estate Sold for | $ - | $ - | $ 1,220,600 | $ - | $ 13,850,600 | $ 1,900,000 | $ 16,971,200 |
| Total Sold for | $ - | $ 400,000 | $ 2,840,600 | $ 535,000 | $ 15,850,600 | $ 3,900,000 | $ 23,526,200 |
| Gain/(Loss) | $ (5,048,757) | $ (3,012,974) | $ (1,324,540) | $ (1,688,129) | $ 2,676,234 | $ (763,703) | $ (32,386,189) |

## FIRST CAUSE OF ACTION

### (Intentional Interference With Prospective Economic Advantage against YUM! Brands, Inc., KFC Corporation, Taco Bell Corporation, Pizza Hut, Inc., and Does 1-50 )

42.     Raheel incorporates by this reference all previous allegations as set forth herein in full.

43.     Raheel had existing business relationships as well as prospective business relationships with at least four prospective purchasers ("Raheel prospective purchasers") who were interested in buying his franchises along with the real estate he owned in the various states. Raheel and the purchasers had negotiated the general terms of the purchase and were in the process of doing the necessary diligence for funding the deals and getting approval.

44.     Raheel desired and intended to sell his franchised locations to the Raheel prospective purchasers. Each of the Raheel prospective purchasers desired and intended to purchase Raheel's franchises and took affirmative steps toward that end.

45.     YUM knew that the Raheel prospective purchasers were well-qualified and knew the details of the purchase terms.  YUM knew that they wanted to be YUM franchisees and were willing to invest significant capital in order to become so.

46.     YUM knew that by diverting the Raheel prospective purchasers from buying Raheel's locations and by suggesting and urging them to buy YUM corporate operated stores at a significantly cheaper amount than Raheel was selling his stores that the Raheel prospective purchasers would be more likely to buy YUM stores than Raheel's stores.

47.     In fact, that is exactly what happened.  The Raheel prospective purchasers failed to conclude their purchase of Raheel's stores and instead attempted to purchase, and some successfully did purchase, YUM corporate owned and operated stores, as well as real estate.

48.     As set forth herein, YUM's conduct was wrongful and, amongst other things, constituted an unfair business practices and as a direct result of said actions caused Raheel damages as set forth herein and to be proven at trial.

49.     As will be more fully described at trial, Raheel suffered damages as a result of this tortious interference, including, but not limited to damages resulting from having to maintain the franchise locations until new purchasers could be found, significant transaction costs, and from ultimately selling at a discounted price.

50.     The exact amount of damages will be determined at the time of trial, but are believed to be in excess of $32 million.

## SECOND CAUSE OF ACTION

**(Negligent Interference With Prospective Economic Advantage**

**against YUM! Brands, Inc., KFC Corporation, Taco Bell Corporation,**

**Pizza Hut, Inc., and Does 1-50)**

51.     Raheel incorporates by this reference all previous allegations as set forth herein in full.

52.     Raheel had existing business relationships as well as prospective business relationships with at least three prospective purchasers ("Raheel prospective purchasers") who were interested in buying his franchises.  Raheel and the purchasers had negotiated the general terms of the purchase and were in the process of doing the necessary diligence for the deals.

///

///

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

FIRST AMENDED COMPLAINT FOR DAMAGES

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

1       53.    Raheel desired and intended to sell his franchised locations to the Raheel

2  prospective purchasers.  Raheel is informed and believes that each of the Raheel prospective

3  purchasers desired and intended to purchase Raheel's franchises.

4       54.    YUM knew that the Raheel prospective purchasers were well qualified.  YUM

5  knew that they wanted to be YUM franchisees and were willing to invest significant capital in

6  order to become so.

7       55.    YUM negligently failed to take reasonable action to protect their franchisee,

8  Raheel, and reasonably should have known that by diverting the Raheel prospective purchasers

9  from buying Raheel's locations and by suggesting and urging them to buy YUM corporately

10  operated stores at a significantly cheaper amount than Raheel was selling his stores that the

11  Raheel prospective purchasers would be more likely to buy YUM stores than Raheel's stores.

12       56.    In fact, that is exactly what happened.  The Raheel prospective purchasers failed to

13  conclude their purchase of Raheel's stores and instead attempted to purchase, and some

14  successfully did purchase, YUM operated stores and real estate.

15       57.    As set forth herein, YUM's conduct was wrongful and, among other things,

16  constituted unfair business practices and as a direct result of said actions caused Raheel damages

17  as set forth herein and to be proven trial.

18       58.    As will be more fully described at trial, Raheel suffered damages as a result of this

19  tortious interference, including, but not limited to damages resulting from having to maintain the

20  franchise locations until new purchasers could be found and from ultimately selling at a

21  discounted price.

22       59.    The exact amount of damages will be determined at the time of trial, but are

23  believed to be in excess of $32 million.

24  ///

25  ///

26  ///

27  ///

28  ///

018647\0001\14374874.4

**THIRD CAUSE OF ACTION**

**(Unfair Business Practices Pursuant To Business And Professions Code §17200**

**against YUM! Brands, Inc., KFC Corporation, Taco Bell Corporation,**

**Pizza Hut, Inc., and Does 1-50)**

60.    Raheel incorporates by this reference all previous allegations as set forth herein in full.

61.    As set forth in further detail above throughout this matter, YUM engaged in significant unfair business practices.

62.    Between 2009 and 2012, Raheel presented at least 10 prospective purchasers to YUM. At least four of these purchasers engaged in extensive due diligence and negotiations with Raheel and were qualified buyers. All four of these prospective purchasers were diverted by YUM from purchasing Raheel's stores to bidding and/or purchasing YUM corporate owned and operated stores at deeply discounted prices. An account of YUM's diversion of the four prospective diverted purchasers is detailed above.

63.    Not only did YUM divert the prospective purchasers, but YUM undercut the market for franchisees by selling the corporate operated stores cheaper than the franchisees were selling their stores. YUM gave potential purchasers that had been located and presented by Raheel opportunities to purchase corporately run stores at discounted prices.

64.    Despite being presented with well qualified purchasers, YUM refused to grant authority for these prospective purchasers to buy from Raheel. In the meantime, YUM was diverting these buyers toward corporate owned stores. Further, by selling corporate franchise locations, YUM was able to undercut the market, unload the overhead related to employees and operations at these locations, and to make a profit selling equipment and mandating other brand standards to the new franchisees. Essentially, YUM diverted Raheel's approved, qualified, and in negotiations purchasers, and used Raheel to find "source purchasers" for YUM.

65.    YUM's actions are unlawful and constitute unfair business practices.

66.    As a direct result of YUM's actions, Raheel has been damaged and YUM received capital that it should not have.

FIRST AMENDED COMPLAINT FOR DAMAGES

67.   Raheel seeks restitution in connection with this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SYED RAHEEL prays for judgment against the Defendants YUM! BRANDS, Inc., KFC CORPORATION, TACO BELL CORPORATION, and PIZZA HUT, INC. and DOES 1-50 and each of them, as follows:

1)   For economic damages according to proof;

2)   For pre-judgment interest allowable by law;

3)   For equitable relief, including but not limited to restitution;

4)   For costs of suit incurred herein including, but not limited to attorneys' fees; and

5)   For such other and further relief as the Court may deem just and proper.

Dated:  January 13, 2016                    Respectfully submitted,

                                            BROWNSTEIN HYATT FARBER
                                            SCHRECK, LLP

                                            By: _____
                                            KATHRYN LEE BOYD
                                            JONATHAN C. SANDLER
                                            Attorneys for Plaintiff
                                            SYED RAHEEL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury by trial.

Dated:  January 13, 2016                    Respectfully submitted,

                                            BROWNSTEIN HYATT FARBER
                                            SCHRECK, LLP

                                            By: _____
                                            KATHRYN LEE BOYD
                                            JONATHAN C. SANDLER
                                            Attorneys for Plaintiff
                                            SYED RAHEEL

FIRST AMENDED COMPLAINT FOR DAMAGES

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

COPY

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>Kathryn Lee Boyd (SBN 189496)<br>Jonathan C. Sandler (SBN 227532)<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>2049 Century Park East, Suite 3550, Los Angeles, California 90067<br>TELEPHONE NO.: (310) 500-4600    FAX NO.: (310) 500-4602<br>ATTORNEY FOR *(Name)*: Plaintiff SYED RAHEEL | **FOR COURT USE ONLY**<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 2 4 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Ishayla Chambers |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90067
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
SYED RAHEEL V. YUM BRANDS, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 6 0 5 3 7 1**<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of Judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary  b.☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: Three
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 24, 2015

Kathryn Lee Boyd
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



| SHORT TITLE: RAHEEL v. YUM BRANDS, INC., et al. | CASE NUMBER BC 6 05 3 71 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES     CLASS ACTION? YES  LIMITED CASE? YES  TIME ESTIMATED FOR TRIAL 6-7 ___ HOURS/✓DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: RAHEEL v. YUM BRANDS, INC., et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: RAHEEL v. YUM BRANDS, INC., et al. | | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 | Election Contest | 2. |
| | | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 | Other Civil Petition | 2., 9. |

| SHORT TITLE: RAHEEL v. YUM BRANDS, INC., et al. | CASE NUMBER |
| --- | --- |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br><br> ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐ 9. ☐10. ☐11. | ADDRESS: 3415 S. Sepulveda, Suite 615 |
| --- | --- |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90034 |
| --- | --- | --- |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: __December 24, 2015__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

**BC 6 0 5 3 7 1**

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on DEC 2 4 2015     SHERRI R. CARTER, Executive Officer/Clerk

By ___Ishayla Chambers___, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION -- EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date:

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date:

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

_____   >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**    FAX NO. (Optional): <br> **E-MAIL ADDRESS (Optional):** <br> **ATTORNEY FOR (Name):** | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# EXHIBIT C

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| KATHRYN LEE BOYD, Bar #189496 BROWNSTEIN HYATT FARBER SCHRECK, LLP 2049 CENTURY PARK EAST SUITE 3350 LOS ANGELES, CA 90067 Telephone No: 310-500-4600    FAX No: 310-500-4602 | |

Ref. No. or File No.:

Attorney for: Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

**FEB 16 2016**

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

Insert name of Court, and Judicial District and Branch Court:

LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL DISTRICT

Plaintiff: SYED RAHEEL, ETC.

Defendant: YUM! BRANDS, INC., ETC.

| PROOF OF SERVICE FIRST AMENDED SUMMON | Hearing Date: | Time: | Dept/Div: | Case Number: BC605371 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the FIRST AMENDED SUMMONS; FIRST AMENDED COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; STIPULATION - DISCOVERY RESOLUTION; STIPULATION AND ORDER - MOTIONS IN LIMINE; INFORMAL DISCOVERY CONFERENCE.

3. a. *Party served:*     PIZZA HUT, INC., A CORPORATION
   b. *Person served:*    VALERIE VILLEGAS, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT.

4. *Address where the party was served:*     818 WEST SEVENTH STREET
   SUITE 930
   LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Jan. 15, 2016 (2) at: 10:00AM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of: PIZZA HUT, INC., A CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*     Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG FORREST                       d. *The Fee for Service was:*

   First Legal
   1511 West Beverly Blvd.
   Los Angeles, CA 90026
   Telephone  (213) 250-9111
   Fax         (213) 250-1197
   www.firstlegalnetwork.com

   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  *Registration No.:*   5141
      (iii) *County:*             Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Thu, Jan. 21, 2016

   (DOUG FORREST)

PROOF OF SERVICE
FIRST AMENDED SUMMONS

2905640  .brohya.767443

By Fax

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| KATHRYN LEE BOYD, Bar #189496<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>2049 CENTURY PARK EAST<br>SUITE 3350<br>LOS ANGELES, CA 90067<br>Telephone No: 310-500-4600    FAX No: 310-500-4602 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>FEB 16 2016 |
| Ref. No. or File No.: | Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy |
| Attorney for: Plaintiff | |

Insert name of Court, and Judicial District and Branch Court:

LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL DISTRICT

Plaintiff: SYED RAHEEL, ETC.

Defendant: YUMI BRANDS, INC., ETC.

| PROOF OF SERVICE<br>FIRST AMENDED SUMMON | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC605371 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the FIRST AMENDED SUMMONS; FIRST AMENDED COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; STIPULATION - DISCOVERY RESOLUTION; STIPULATION AND ORDER - MOTIONS IN LIMINE; INFORMAL DISCOVERY CONFERENCE.

3. a. Party served:       TACO BELL CORPORATION, A CORPORATION
   b. Person served:      VALERIE VILLEGAS, PROCESS SPECIALIST, CT CORPORATION SYSTEM,
                          REGISTERED AGENT.

4. Address where the party was served:       818 WEST SEVENTH STREET
                                             SUITE 930
                                             LOS ANGELES, CA 90017

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Jan. 15, 2016 (2) at: 10:00AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: TACO BELL CORPORATION, A CORPORATION
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG FORREST

   d. The Fee for Service was:

   First Legal<br>1511 West Beverly Blvd.<br>Los Angeles, CA 90026<br>Telephone    (213) 250-9111<br>Fax          (213) 250-1197<br>www.firstlegalnetwork.com

   e. I am: (3) registered California process server
      (i)    Independent Contractor
      (ii)   Registration No.:    5141
      (iii)  County:              Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Thu, Jan. 21, 2016

   (DOUG FORREST)

Judicial Council Form POS-010                    PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007           FIRST AMENDED SUMMONS                2905634   .brohya.767436

By Fax

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| KATHRYN LEE BOYD, Bar #189496<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>2049 CENTURY PARK EAST<br>SUITE 3350<br>LOS ANGELES, CA 90067<br>Telephone No: 310-500-4600      FAX No: 310-500-4602 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>FEB 16 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kristina Vargas, Deputy |

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:

LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL DISTRICT

Plaintiff: SYED RAHEEL, ETC.

Defendant: YUM! BRANDS, INC., ETC.

| PROOF OF SERVICE<br>FIRST AMENDED SUMMON | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC605371 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the FIRST AMENDED SUMMONS; FIRST AMENDED COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; STIPULATION - DISCOVERY RESOLUTION; STIPULATION AND ORDER - MOTIONS IN LIMINE; INFORMAL DISCOVERY CONFERENCE.

3. a. Party served:          KCF CORPORATION, CORPORATION
   b. Person served:        VALERIE VILLEGAS, PROCESS SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT.

4. Address where the party was served:     818 WEST SEVENTH STREET
                                            SUITE 930
                                            LOS ANGELES, CA 90017

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Jan. 15, 2016 (2) at: 10:00AM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: KCF CORPORATION, CORPORATION
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG FORREST                            d. The Fee for Service was:

                                              e. I am: (3) registered California process server
   **First Legal**                               (i)    Independent Contractor
   1511 West Beverly Blvd.                        (ii)   Registration No.:    5141
   Los Angeles, CA 90026                          (iii)  County:              Los Angeles
   Telephone   (213) 250-9111
   Fax         (213) 250-1197
   www.firstlegalnetwork.com

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Thu, Jan. 21, 2016

Judicial Council Form POS-010                PROOF OF SERVICE                    (DOUG FORREST)
Rule 2.150.(a)&(b) Rev January 1, 2007       FIRST AMENDED SUMMONS              2905643  .brohya.767437

# EXHIBIT D

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Kathryn Lee Boyd, State Bar #189496; Jonathan Sandler, State Bar 3227532
Sherli Shamtoub, State Bar #270022
Brownstein Hyatt Farber Schreck, LLP, 2049 Century Park East, Suite 3550
Los Angeles, California 90067
 TELEPHONE NO: (310) 500-4600      FAX NO. *(Optional)*: (310) 500-4600
E-MAIL ADDRESS *(Optional)*: lboyd@bhfs.com; jsandler@bhfs.com; sshamtoub@bhfs.com
ATTORNEY FOR *(Name)*: Plaintiff, SYED RAHEEL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
 STREET ADDRESS: 111 N. Hill Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Los Angeles, California 90012
 BRANCH NAME: Stanley Mosk Courthouse - Central District

PLAINTIFF/PETITIONER: SYED RAHEEL

DEFENDANT/RESPONDENT: YUM! BRANDS, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC605371 |
|---|---|

TO *(insert name of party being served)*: Yum! Brands, Inc. c/o Sascha Henry, Sheppard, Mullin, Richter & Hampton, 333 South Hope Street, 43rd Floor, Los Angeles, California 90071

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 2, 2016 by Email

_____
Sherli Shamtoub
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations

*(To be completed by recipient):*

Date this form is signed: 4/5/16

Sarah A. Kagan (Yum! Brands, Inc.)
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT E



1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   SASCHA HENRY, Cal. Bar No. 191914
3  SARAH A. KAGAN, Cal. Bar No. 280118
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071-1422
   Telephone:   213.620.1780
5  Facsimile:   213.620.1398
   Email:       shenry@sheppardmullin.com
6                skagan@sheppardmullin.com

7  Attorneys for Defendants YUM! BRANDS,
   INC.,  KFC CORPORATION, TACO BELL
8  CORPORATION, and PIZZA HUT, INC.

                                                    REC'D

                                                 MAR 0 3 2016

                                              FILING WINDOW

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13  SYED RAHEEL, an individual,          Case No. BC605371

14            Plaintiff,                 The Hon. Susan Bryant Deason, Dept. 52

15       v.                              STIPULATION AND [PROPOSED]
                                         ORDER TO EXTEND DEFENDANTS'
16  YUM! BRANDS, INC., a corporation;    TIME TO ANSWER OR OTHERWISE
   KFC CORPORATION, corporation;         RESPOND TO  FIRST AMENDED
17  TACO BELL CORPORATION, a             COMPLAINT
   corporation; PIZZA HUT, INC., a
18  corporation, and DOES 1-50, Inclusive,

19            Defendants.

20                                       [FAC Filed: January 13, 2016]
                                         Trial Date:     N/A

21

22

23

24

25

26

27

28

## STIPULATION

Plaintiff Syed Raheel ("Plaintiff"), and Defendants Yum! Brands, Inc., KFC Corporation, Taco Bell Corporation, and Pizza Hut, Inc., (collectively, the "Parties") by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, Plaintiff served Defendants KFC Corporation, Taco Bell Corporation, and Pizza Hut, Inc. (collectively, the "Served Defendants"), with the First Amended Complaint (the "FAC") on January 15, 2016;

WHEREAS, Defendant Yum! Brands, Inc. has not been served with the FAC;

WHEREAS, on March 2, 2016, counsel for Yum! Brands, Inc. accepted service on behalf of Yum! Brands, Inc., and its response is due on April 1, 2016;

WHEREAS, Served Defendants requested, and Plaintiff provided a 15-day extension of time to respond to the FAC, up to and including March 2, 2016;

WHEREAS, Plaintiff intends to file a Second Amended Complaint and the parties have been in discussions related to stipulating to the filing of a Second Amended Complaint. It would be impractical for the Served Defendants to respond to a complaint that Plaintiff intends to amend;

WHEREAS, Plaintiff agrees to provide Served Defendants with an additional 9-day extension of time to answer or otherwise respond to the FAC, up to and including March 11, 2016;

THEREFORE, pursuant to California Rule of Court 3.110 Plaintiff and the Served Defendants hereby stipulate and agree that the time within which the Served Defendants must answer or otherwise respond to Plaintiff's FAC is hereby extended to March 11, 2016.

///

///

///

1     **IT IS SO STIPULATED.**

2

3 Dated:  March 2, 2016

4
                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6              By _____

7                    SASCHA HENRY

8                    SARAH A. KAGAN
                   Attorneys for Defendants

9          YUM! BRANDS, INC., KFC CORPORATION,
        TACO BELL CORPORATION, and PIZZA HUT,

10                         INC

11

12 Dated:  March 2, 2016

13

14           BROWNSTEIN HYATT FARBER SCHRECK, LLP

15              By _____

16                    LEE CRAWFORD BOYD

17                   JONATHAN C. SANDLER
                  SHERLI SHAMTOUB

18                   Attorneys for Plaintiff
                  SYED RAHEEL

19

20

21

22

23

24

25

26

27

28

-3-
STIPULATION TO EXTEND DEFENDANTS' TIME TO ANSWER
OR OTHERWISE RESPOND TO COMPLAINT

1
2

## [PROPOSED] ORDER

3      Good cause appearing therefor, IT IS HEREBY ORDERED, pursuant to California

4  Rule of Court 3.110 that the time within which Defendants KFC Corporation, Taco Bell

5  Corporation and Pizza Hut, Inc. must answer or otherwise respond to Plaintiff's First

6  Amended Complaint is hereby continued to March 11, 2016.

7

8      **IT IS SO ORDERED.**

9

10  DATED: _____, 2016

11
12
13                                    THE HONORABLE SUSAN BRYANT DEASON
                                     JUDGE OF THE SUPERIOR COURT
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    At the time of service, I was over 18 years of age and **not a party to this action**. I

4

am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

5

    On March 3, 2016, I served true copies of the following document(s) described as

6

**STIPULATION AND [PROPOSED] ORDER TO EXTEND DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO FIRST AMENDED COMPLAINT**

7

on the interested parties in this action as follows:

8

Lee Crawford Boyd, Esq.              Attorneys for Plaintiff Syed Raheel
Jonathan C. Sandler, Esq.

9

Brownstein Hyatt Farber Schreck, LLP
2049 Century Park East, Suite 3550

10

Los Angeles, California 90067
lboyd@bhfs.com

11

jsandler@bhfs.com

12

Tel:  310-500-4618
Fax:  310-500-4602

13

14

    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed

15

to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the

16

same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope

17

with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

18

    I declare under penalty of perjury under the laws of the State of California that the

19

foregoing is true and correct.

20

    Executed on March 3, 2016, at Los Angeles, California.

21

22

_Yolanda Santos_
Yolanda Santos

23

24

25

26

27

28

SMRH:224719043.2                    -1-

# EXHIBIT F



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 0 8 2016

Sherri R. Carter, Executive Officer/Clerk
By: Maria Frances Lopez, Deputy

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   SASCHA HENRY, Cal. Bar No. 191914
3  SARAH A. KAGAN, Cal. Bar No. 280118
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071-1422
   Telephone:   213.620.1780
5  Facsimile:   213.620.1398
   Email:       shenry@sheppardmullin.com
6                skagan@sheppardmullin.com

7  Attorneys for Defendants YUM! BRANDS,
   INC.,  KFC CORPORATION, TACO BELL
8  CORPORATION, and PIZZA HUT, INC.

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13  SYED RAHEEL, an individual,              Case No. BC605371

14            Plaintiff,                      The Hon. Susan Bryant Deason, Dept. 52

15       v.                                   **STIPULATION AND [PROPOSED]
                                              ORDER TO EXTEND DEFENDANTS'
16  YUM! BRANDS, INC., a corporation;         TIME TO ANSWER OR OTHERWISE
   KFC CORPORATION, corporation;             RESPOND TO  FIRST AMENDED
17  TACO BELL CORPORATION, a                  COMPLAINT**
   corporation; PIZZA HUT, INC., a
18  corporation, and DOES 1-50, Inclusive,

19            Defendants.

20                                            [FAC Filed: January 13, 2016]
                                              Trial Date:     N/A
21

22

23

24

25

26

27

28
   ─────────────────────
   SMRH:224719043.2
                              -1-

## STIPULATION

Plaintiff Syed Raheel ("Plaintiff"), and Defendants Yum! Brands, Inc.,  KFC Corporation, Taco Bell Corporation, and Pizza Hut, Inc., (collectively, the "Parties") by and through their counsel of record, hereby stipulate and agree as follows:

WHEREAS, Plaintiff served Defendants KFC Corporation, Taco Bell Corporation, and Pizza Hut, Inc. (collectively, the "Served Defendants"), with the First Amended Complaint (the "FAC") on January 15, 2016;

WHEREAS, Defendant Yum! Brands, Inc. has not been served with the FAC;

WHEREAS, on March 2, 2016, counsel for Yum! Brands, Inc. accepted service on behalf of Yum! Brands, Inc., and its response is due on April 1, 2016;

WHEREAS, Served Defendants requested, and Plaintiff provided a 15-day extension of time to respond to the FAC, up to and including March 2, 2016;

WHEREAS, Plaintiff intends to file a Second Amended Complaint and the parties have been in discussions related to stipulating to the filing of a Second Amended Complaint.  It would be impractical for the Served Defendants to respond to a complaint that Plaintiff intends to amend;

WHEREAS, Plaintiff agrees to provide Served Defendants with an additional 9-day extension of time to answer or otherwise respond to the FAC, up to and including March 11, 2016;

THEREFORE, pursuant to California Rule of Court 3.110 Plaintiff and the Served Defendants hereby stipulate and agree that the time within which the Served Defendants must answer or otherwise respond to Plaintiff's FAC is hereby extended to March 11, 2016.

///

///

///

-2-

1     **IT IS SO STIPULATED.**

2

3  Dated: March 2, 2016

4           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6           By

7                     SASCHA HENRY

8                     SARAH A. KAGAN
                          **Attorneys for Defendants**

9           YUM! BRANDS, INC.,  KFC CORPORATION,
          TACO BELL CORPORATION, and PIZZA HUT,

10                              INC

11

12 Dated: March 2, 2016

13

14           BROWNSTEIN HYATT FARBER SCHRECK, LLP

15           By

16                     LEE CRAWFORD BOYD

17                     JONATHAN C. SANDLER
                    SHERLI SHAMTOUB

18                     **Attorneys for Plaintiff**
                    SYED RAHEEL

19

20

21

22

23

24

25

26

27

28

SMRH:224719043.2

STIPULATION TO EXTEND DEFENDANTS' TIME TO ANSWER
OR OTHERWISE RESPOND TO COMPLAINT

## [PROPOSED] ORDER

Good cause appearing therefor, IT IS HEREBY ORDERED, pursuant to California Rule of Court 3.110 that the time within which Defendants KFC Corporation, Taco Bell Corporation and Pizza Hut, Inc. must answer or otherwise respond to Plaintiff's First Amended Complaint is hereby continued to March 11, 2016.

**IT IS SO ORDERED.**

DATED: _3-8_, 2016

HON. RANDOLPH HAMMOCK

_(signature)_ for

THE HONORABLE Susan Bryant-Deason
JUDGE OF THE SUPERIOR COURT

SMRH:2247190043.2

-4-

STIPULATION TO EXTEND DEFENDANTS' TIME TO ANSWER
OR OTHERWISE RESPOND TO COMPLAINT

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On March 3, 2016, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] ORDER TO EXTEND DEFENDANTS' TIME TO ANSWER OR OTHERWISE RESPOND TO FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Lee Crawford Boyd, Esq.                          Attorneys for Plaintiff Syed Raheel
Jonathan C. Sandler, Esq.
Brownstein Hyatt Farber Schreck, LLP
2049 Century Park East, Suite 3550
Los Angeles, California 90067
lboyd@bhfs.com
jsandler@bhfs.com

Tel: 310-500-4618
Fax: 310-500-4602

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3, 2016, at Los Angeles, California.

Yolanda Santos

SMRH:224719043.2                          -1-

# EXHIBIT G



| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

Sascha Henry,SBN: 191914, Sarah A. Kagan, SBN:280118
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Tel: 213-620-1780

STATE BAR NUMBER: 280118

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 0 3 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

ATTORNEY FOR (Name): Yum! Brands, Inc.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Syed Raheel

DEFENDANT/RESPONDENT:
Yum! Brands Inc., et al.

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)

CASE NUMBER:
BC605371

| Name of Judicial Officer: (PRINT)  Susan Bryant-Deason | Dept. Number:  52 |
|---|---|
| ☑ Judge     ☐ Commissioner     ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Yum! Brands, Inc.
_____
Name of Party

☐ Plaintiff/Petitioner    ☐ Cross Complainant
☑ Defendant/Respondent    ☐ Cross Defendant
☐ Other:

Dated: March 3, 2016

Signature of Declarant

Sarah A. Kagan
Printed Name

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
(Code Civ. Proc., § 170.6)
Code Civ. Proc., § 170.6

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       At the time of service, I was over 18 years of age and **not a party to this action**. I
am employed in the County of Los Angeles, State of California.  My business address is
4    333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

5       On March 3, 2016, I served true copies of the following document(s) described as
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** on the interested parties in
6    this action as follows:

7    Lee Crawford Boyd, Esq.                          Attorneys for Plaintiff Syed Raheel
Jonathan C. Sandler, Esq.
8    Brownstein Hyatt Farber Schreck, LLP
2049 Century Park East, Suite 3550
9    Los Angeles, California 90067
lboyd@bhfs.com
10    jsandler@bhfs.com

11    Tel: 310-500-4618
Fax: 310-500-4602
12

13       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed
to the persons at the addresses listed in the Service List and placed the envelope for
14    collection and mailing, following our ordinary business practices.  I am readily familiar
with the firm's practice for collecting and processing correspondence for mailing.  On the
15    same day that the correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope
16    with postage fully prepaid.  I am a resident or employed in the county where the mailing
occurred.
17

18       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

19    Executed on March 3, 2016, at Los Angeles, California.

20

21

22    Yolanda Santos

23

24

25

26

27

28

SMRH:224719585.1                              -1-

# EXHIBIT H

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/16/16                                                    DEPT. 52

HONORABLE Susan Bryant-Deason    JUDGE    M.F. LOPEZ         DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
ADD-ON
T. ISUNZA, C.A.    Deputy Sheriff    NONE                    Reporter

| 8:30 am | BC605371 | Plaintiff Counsel | |
| | SYED RAHEEL | | NO APPEARANCES |
| | VS | Defendant | |
| | YUM BRANDS INC | Counsel | |
| | | | |
| | 170.6-SUSAN BRYANT-DEASON (DEFT | | |

**NATURE OF PROCEEDINGS:**

DEFENDANT YUM! BRANDS INC.'S PEREMPTORY CHALLENGE
AGAINST THE HONORABLE JUDGE SUSAN BRYANT-DEASON IN
DEPARTMENT 52;

The Court reviews defendant Yum! Brands Inc.'s
Peremptory Challenge filed with the Court on
03/03/2016 pursuant to Section 170.6 of the
Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from Judge Susan Bryant-Deason in
Department 52 to Judge John P. Doyle in Department 58.

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail.  Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

                    Page   1 of   2   DEPT. 52

                                              ┌─────────────────────┐
                                              │ MINUTES ENTERED     │
                                              │ 03/16/16            │
                                              │ COUNTY CLERK        │
                                              └─────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/16/16                                                    DEPT. 52

HONORABLE Susan Bryant-Deason        JUDGE    M.F. LOPEZ              DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM           ELECTRONIC RECORDING MONITOR
ADD-ON
          T. ISUNZA, C.A.      Deputy Sheriff   NONE              Reporter

8:30 am  BC605371                          Plaintiff
                                           Counsel
         SYED RAHEEL                                  NO APPEARANCES
         VS                                Defendant
         YUM BRANDS INC                    Counsel


         170.6-SUSAN BRYANT-DEASON (DEFT


**NATURE OF PROCEEDINGS:**

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: 03/16/2016

Sherri R. Carter, Executive Officer/Clerk


By: _____
              M.F. LOPEZ


Sascha Henry, Esq.
Sarah A. Kagan, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422


                 Page   2 of   2   DEPT. 52        MINUTES ENTERED
                                                   03/16/16
                                                   COUNTY CLERK

# EXHIBIT I

1   KATHRYN LEE BOYD (State Bar No. 189496)
    lboyd@bhfs.com
2   SHERLI SHAMTOUB (State Bar No. 270022)
    sshamtoub@bhfs.com
3   BROWNSTEIN HYATT FARBER SCHRECK, LLP
    2049 Century Park East, Suite 3550
4   Los Angeles, CA  90067
    Telephone:  310.500.4600
5   Facsimile:  310.500.4602

6   Attorneys for Plaintiff
    SYED RAHEEL
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  SYED RAHEEL, an individual,            Case No.  BC605371

12              Plaintiff,                 Assigned for All Purposes to the
                                           Honorable John P. Doyle
13      v.

14  YUM! BRANDS, INC., a corporation;      **NOTICE OF CASE MANAGEMENT**
    KFC CORPORATION, corporation;          **CONFERENCE AND ORDER TO SHOW**
15  TACO BELL CORPORATION, a               **CAUSE HEARING**
    corporation; PIZZA HUT, INC., a
16  corporation and DOES 1-50, Inclusive,
                                           Date:  April 25, 2016
17              Defendants.                Time:  8:30 A.M.
                                           Dept:  58
18
                                           Action Filed:  December 24, 2015
19

20

21      PLEASE TAKE NOTICE that Judge John P. Doyle has set a Case Management

22  Conference and Order To Show Cause Hearing for April 25, 2016, 8:30 a.m. in Dept. 58 at the

23  Los Angeles Superior Court. The Notice of Case Management Conference and Order To Show

24  Cause is attached.  Plaintiff was ordered to give notice.

25

26

27

28

018647\0001\14583659.1                    1
                          NOTICE OF STATUS CONFERENCE

Dated: March 29, 2016

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By: _____
KATHRYN LEE BOYD
SHERLI SHAMTOUB

Attorneys for Plaintiff
SYED RAHEEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

018647\0001\14583659.1

2

NOTICE OF STATUS CONFERENCE

NOTICE SENT TO:

Brownstein Hyatt Farber Schreck, LLP
2049 Century Park East, Ste. 3550
Los Angeles          CA   90067

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 18 2016

Sherri R. Carter, Executive Officer/Clerk
By Polved Lee, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| SYED RAHEEL | Plaintiff(s), | BC605371 |
| vs. | | |
| YUM BRANDS INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _April 25, 2016_ at _8:30 am_ in _Dept. 58_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _March 18, 2016_

JOHN P. DOYLE, JUDGE
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _March 18, 2016_

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

NOTICE SENT TO:

Brownstein Hyatt Farber Schreck, LLP
2049 Century Park East, Ste. 3550
Los Angeles        CA  90067

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 18 2016

Sherri R. Carter, Executive Officer/Clerk
By Robert Lee Doanly

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

SYED RAHEEL

                    Plaintiff(s),

        VS.

YUM BRANDS INC

                    Defendant(s).

CASE NUMBER

BC605371

### ORDER TO SHOW CAUSE HEARING

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on  April 25, 2016  at  8:30 am  in  Dept. 58  of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room 102 at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated:  March 18, 2016

JOHN P. DOYLE, JUDGE

Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  March 18, 2016

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By  Robert Lee                    , Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

<div style="text-align: right; writing-mode: vertical-rl;">BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>2049 Century Park East, Suite 3550<br>Los Angeles, CA 90067</div>

## PROOF OF SERVICE

I, Celeste Factora, declare:

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Brownstein Hyatt Farber Schreck, LLP, 2049 Century Park East, Suite 3550, Los Angeles, California 90067.  On March 29, 2016, I served a copy of the within document(s) to the address listed below:

### NOTICE OF STATUS CONFERENCE

X      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

X      based on a court order or an agreement by the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed below.

**Sascha Henry, Esq.**
**Sarah Kagan, Esq.**
**Sheppard, Mullin, Richter & Hampton LLP**
**333 South Hope Street, 43rd Floor**
**Los Angeles, California  90071**
*Counsel for Defendants*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 29, 2015, at Los Angeles, California.

_____
Celeste Factora

# EXHIBIT J