JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-02899-RGK (KSx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | *Raheel Foods LLC, et al v. YUM! Brands, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Motion to Dismiss Second Amended Complaint (DE10); Motion to Transfer Case to Western District of Kentucky (DE 14)**

## I.      INTRODUCTION

This matter concerns a dispute between four entities that own or operate fast food franchises and associated real property (collectively "Plaintiffs") and the corporations that own the franchising rights to those fast food restaurants (collectively "Defendants").[1] Plaintiffs allege the following claims against Defendants: (1) intentional interference with prospective economic advantage; (2) negligent interference with prospective economic advantage; and (3) engaging in unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

On December 24, 2015, Syed Raheel ("Mr. Raheel"), the manager and co-owner of Plaintiffs, filed an original complaint in Los Angeles Superior Court. The complaint was amended twice. In the operative Second Amended Complaint ("SAC"), Mr. Raheel withdrew from the action and added the four entities comprising Plaintiffs. Defendants removed this action to federal court on April 25, 2016.

On June 7, 2016, Defendants moved to dismiss this action pursuant to Rule 12(b)(6). On June 13, 2016, prior to a hearing on the Rule 12 Motion, Defendants moved to transfer this action to the Western District of Kentucky. Plaintiffs oppose the Rule 12 Motion, but filed a Notice of Non-Opposition in response to Defendants' Motion to Transfer.

Presently before the Court are both motions. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Transfer to the Western District of Kentucky. In light of this Order, Defendants' Motion to Dismiss is **MOOT.**

---

[1] The Plaintiffs are Raheel Foods, LLC, a Florida limited liability company; Raheel Foods 2 Inc., an Illinois corporation; Raheel Realty, Inc, an Arkansas corporation; and Raheel Realty, LLC, an Illinois limited liability company. The Defendants are Yum! Brands, Inc., a North Carolina corporation; and KFC Corporation, a Delaware corporation.

## II. FACTUAL BACKGROUND

The entities that comprise Plaintiffs are out-of-state businesses that are owned or managed by Syed Raheel, a resident of California. Defendants are out-of-state corporations with headquarters in Louisville, Kentucky. Defendants operate and franchise a system of fast food restaurants across the United States and the world.

Starting in 1994, Plaintiffs allege Mr. Raheel purchased several of Defendants' fast food franchises. The franchises were located in Florida, Illinois, Wisconsin, and Indiana. Overtime and with the consent of Defendants, Mr. Raheel alleges that he transferred ownership of the franchises to Plaintiffs. In addition to the franchises, Plaintiffs allege they owned the real property interests underlying nineteen fast food franchises in Arkansas and Illinois.

From 2009 to 2012, Plaintiffs allege that they attempted to sell the franchises and underlying property as part of a package deal to various buyers. Plaintiffs allege that, after engaging in extensive negotiations with interested buyers, Plaintiffs submitted the proposed sales to Defendants for approval, as was required by the franchise agreements.

Plaintiffs allege that instead of giving genuine consideration to the proposed sales, Defendants instead diverted the buyers towards purchasing corporate stores owned by Defendants. According to the SAC, Defendants enticed the proposed buyers by secretly offering below-market prices for Defendants' stores and by refusing to authorize the buyers as franchisees to purchase Plaintiffs' stores, while later approving them to purchase Defendants' stores. In doing so, Plaintiffs assert that Defendants interfered with their contractual relationships with the potential buyers, interfered with prospective economic advantage, and engaged in unfair business practices in violation of California state law.

## IV. DISCUSSION

Defendants argue transfer to the Western District of Kentucky is proper because (1) Plaintiffs could have brought this action in the Western District of Kentucky and (2) the factors the Court must consider pursuant to Section 1404 weigh in favor of transfer. The Court agrees.

### A. Plaintiffs could have brought this action in the Western District of Kentucky

To qualify as an action that "might have been brought" in the transferee district under Section 1404(a), the transferee court "must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court." *See United States Aluminum Corp. v. Kawneer Co.*, 694 F.2d 193, 195 (9th Cir. 1982).

The Western District of Kentucky has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the opposing parties and the matter in controversy is more than $75,000. (*See* Defs.' Notice of Removal, Ex. N ¶¶8-11, 15-16, 57, ECF No.1.) Venue is proper in the Western District of Kentucky under 28 U.S.C. § 1391 because a substantial portion of the occurrences giving rise to Plaintiffs' claims emanated from Defendants' corporate headquarters in Kentucky. (*See Id.* 15-17, 25, 28.). Defendants do not challenge being subjected to service of process issued by the Western District of Kentucky. (*See* Defs. Mot. to Transfer, ECF No. 14.) Accordingly, this action "might have been brought" in the Western District of Kentucky.

### B.        The Section 1404(a) factors weigh in favor of transfer

While Courts generally will defer to a plaintiff's choice of forum in deciding a motion to transfer, see *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), the Court finds that Defendants have persuasively argued that transfer to the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the interests of justice. The grounds for transfer are made all the more compelling in light of Plaintiffs' non-opposition to the motion.

The convenience of the parties and witnesses weighs in favor of transfer to the Western District of Kentucky. Defendants are headquartered in Kentucky and have indicated in their motion papers that numerous witnesses are also located in Kentucky. (Defs.' Mot. to Dismiss 8:15-9:18, ECF No. 14.) Given Defendants' size relative to Plaintiffs' and the fact that all of Defendants' decisions to approve or deny sales of franchises are conducted in Kentucky, there will likely be more witnesses who have to travel to California from Kentucky than the other way around. Plaintiffs' non-opposition to the present motion suggests Plaintiffs will not be inconvenienced by transfer to the Western District of Kentucky. Thus, the Western District of Kentucky appears to be a more convenient venue for the parties and witnesses.

The interests of justice also weigh in favor of transfer to the Western District of Kentucky. Defendants state in their motion papers that the conduct alleged by Plaintiffs—including pertinent negotiations, communications, and acts of Defendants—emanated from Defendants' respective headquarters in Kentucky. (Defs.' Mot. to Transfer 12:14, ECF No. 14.) Plaintiffs' sole contact with California is through their managing member and corporate officer, Mr. Raheel. While the SAC alleges that Plaintiffs' attempts to sell their franchise stores occurred from California, the heart of this action is conduct by Defendants and their employees in Kentucky. Thus, the State of Kentucky has a greater connection to the occurrences underlying Plaintiffs' allegations and transfer would promote the interests of justice.

## V.        CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** Defendants' Motion to Transfer to the Western District of Kentucky. In light of this Order, Defendants' Motion to Dismiss is **MOOT**.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer